## JONES *v*. THE STATE.

When, in a trial for burglary, the fact of the breaking and entering has been clearly shown, as well as that certain articles of value were taken from the house at the time of the burglarious entry, and it also appears that early in the morning of the day after the burglary was committed at night, the accused was in absolute possession of a part of the stolen goods, such possession is a circumstance tending to show that the accused is guilty of the offense charged. Not being of itself conclusive of guilt, it is the duty of the trial judge to give in charge to the jury the principles of law by which the weight of such circumstance is to be determined in ascertaining guilt, and also under what circumstances a conviction on circumstantial evidence is warranted, without any request to do so. But when, in addition to such evidence, it further appears that, without notice that he was suspected of the crime, the accused attempted, the day after the burglary, to escape; that his account of such possession was unsatisfactory and entirely insufficient to rebut the presumption raised by his possession; and when the charge of the court, saving the omissions referred to, was full and complete, the jury being properly instructed as to the weight they could give to the statement which recited the manner of acquiring possession, and the law touching reasonable doubts fully explained, a new trial will not be granted. It would be otherwise if the evidence made the case close or doubtful, or if the account given of the manner in which the possession of the stolen goods was obtained was probable or consistent.

Submitted October 3, — Decided October 13, 1898.

Indictment for burglary. Before Judge Felton. Bibb superior court. April term, 1898.

*John R. Cooper,* for plaintiff in error.
*Robert Hodges, solicitor-general,* and *Roland Ellis,* contra.

LITTLE, J. Jones was indicted in the superior court of Bibb county for the offense of burglary. The proof very clearly showed that the storehouse of the firm of Culver & Corbin, situated in the city of Macon, was burglariously entered at night, and certain razors and pistols of value were taken therefrom. Some of these articles were identified and recovered the next morning after the burglary, and it was clearly shown that the plaintiff in error, in the early morning after the burglary had been committed the previous night, had pawned the goods identified, for a small amount of money. It was further shown that when the plaintiff in error, who was near the place where the goods were pawned at the time they were recovered, saw the

officer coming towards him, he ran and endeavored to make his escape. The only explanation made by the defendant was contained in his statement, and that was, that early in the morning he had purchased them from a small boy whom he did not know. Without attempting to set out the evidence in detail, the above facts, as we understand the record, were clearly shown. He was convicted and sentenced, and a motion was made for a new trial. Exception was taken to several particular portions of the charge which the court gave to the jury. After consideration of these exceptions, we are of the opinion that no error was committed; and the only grounds which we consider it necessary to consider are those urged in the tenth and eleventh grounds of the motion, which are, that the court erred in not charging the jury with reference to the possession of stolen property, and in not giving in charge the rule in regard to circumstantial evidence, contained in section 984 of the Penal Code.

The general rule is, that where a larceny has been committed, the recent, absolute and unexplained possession of the stolen goods raises a presumption of the guilt of the person having such possession, sufficient to warrant a conviction. 12 Am. & Eng. Enc. Law, 845. It has been ruled in quite a number of cases that where such possession is shown to exist immediately after the theft it is almost conclusive of guilt (Id. 846, note 1); that where indicatory evidence on collateral points is added to the fact of the recent possession of stolen property, it is sufficient to support the conviction of burglary. *Billingslea* v. *State,* 56 *Ga.* 686; *Brown* v. *State,* 61 *Ga.* 311; *Smith* v. *State,* 62 *Ga.* 663; *Wilkerson* v. *State,* 73 *Ga.* 799; *Eubanks* v. *State,* 82 *Ga.* 62; *Mangham* v. *State,* 87 *Ga.* 549. There can be no doubt that the evidence in this case, fairly considered, is sufficient to support the verdict of guilty. It is true that the possession of goods stolen at the time of the commission of a burglary is but a circumstance. If it is recent, it is, when unexplained, a very strong circumstance tending to show the guilt of the possessor, and it is sufficient to put the burden of explaining the possession on the person charged with the offense. And on this subject Mr. Greenleaf, in his Law of Evidence (Vol. I.,

§ 34), says: "But possession of the fruits of crime recently after its commission is prima facie evidence of guilty possession; and if unexplained, either by direct evidence, or by the attending circumstances, or by the character and habits of life of the possessor, or otherwise, it is taken as conclusive." To the undoubted fact of the possession of goods taken from the house at the time of the commission of the burglary, proof is added that, without being charged with the crime, and without any intimation having been given that he was wanted for any purpose, on the approach of the officer the defendant fled and attempted to escape. While this is not conclusive evidence of guilt, yet it is a circumstance which may be considered as tending to show guilt. More than this, the explanation given by the defendant in his statement to the jury as to how he acquired the possession must have been wholly unsatisfactory, and indeed could only make the presumption of his guilt stronger. We have said this much on the question of guilt of the defendant as established by the evidence in the record. We agree with counsel for plaintiff in error that the court should have instructed the jury in relation to the law applicable to the recent possession of stolen property. As we have seen, such possession is but a circumstance, and the jury should have been so told, and further properly charged that the weight to be given to this circumstance depended upon the nature of the property, how recently it had been stolen, and such other principles of law as illustrate the value of the evidence. The fact of recent possession being a circumstance which the State relied on to convict the accused of burglary, the court should have given in charge to the jury the law as to what amount and character of proof is necessary to warrant a conviction on circumstantial evidence. Penal Code, § 984. We are asked, however, to award a new trial in this case, because of the failure of the court to so charge. This we can not do. We desire it understood, however, that if it were a doubtful case,—indeed, if there were any evidence tending to rebut this almost conclusive presumption of guilt; if there were even a plausible explanation as to how the possession was acquired, the failure to charge as indicated would demand at our hands a reversal of the judgment.

In the case of *Tarver* v. *State,* 95 *Ga.* 222, it is ruled in the headnote, that, "in passing upon the possession of stolen goods as evidence offered to show criminality, the time which elapsed between the theft and the possession, and the manner in which the possession was accounted for, or that it was not accounted for at all, are material matters for the consideration of the jury, to which the court, by appropriate instructions, should direct their attention." And it was ruled in the case of *Hamilton* v. *State,* 96 *Ga.* 302, that "the failure to give some such instruction, in a close and doubtful case [like the case then being considered], will entitle the accused to a new trial." While we are in entire harmony with these two cases, we find that the charge of the court, while it omitted to deal with the law applicable to the question of the possession of stolen goods, and instructions as to conviction on circumstantial evidence, was otherwise full and explicit. The jury were charged in relation to the presumption of innocence which arose in favor of the defendant. The law as to reasonable doubts was fully and succinctly given. The attention of the jury was directed to the statement made by the defendant, and they were told that the force and weight and effect which they should give the statement was entirely a matter for the jury, and, as the statement appears in the record, it is devoted almost entirely to the manner in which possession of the stolen goods was acquired. This is not a close nor a doubtful case upon the facts as they appear. Indeed, so far as we are to judge, the plaintiff in error is plainly guilty under the law. And while the failure of the court below to charge the law applicable to the recent possession of stolen goods as a circumstance tending to show the guilt of the defendant, and the amount and character of circumstantial evidence necessary to convict, is just ground of criticism from a legal standpoint, we are not satisfied to reverse the judgment because of these omissions from the charge, when with them the same verdict must have been rendered.

*Judgment affirmed. All the Justices concurring.*