## TOLER v. THE STATE.

While the failure of the court upon a criminal trial, in which the evidence against the accused is entirely circumstantial, to instruct the jury concerning the rule applicable to evidence of this character would, in a close or doubtful case, be cause for a new trial, such failure will not require another trial when the guilt of the accused is clearly and convincingly proved, and the charge as to the amount and character of proof requisite to a lawful conviction is such as to leave no room for doubt that the verdict would have been the same even if the court had in terms stated to the jury that, in order to warrant a verdict of guilty, the evidence must not only be consistent with the guilt of the accused, but inconsistent with every other reasonable hypothesis.

Submitted March 6, — Decided March 15, 1899.

Indictment for burglary.    Before Judge Smith.    Irwin superior court.    October term, 1898.

*John R. Cooper*, for plaintiff in error.
*John F. DeLacy*, solicitor-general, contra.

LUMPKIN, P. J.    The plaintiff in error was convicted of burglary, and moved for a new trial.    The only special ground of his motion argued here was one complaining of the court's omission to instruct the jury upon the law of circumstantial evidence.    The record discloses that the evidence upon which the conviction was had was entirely circumstantial.    This court, in *Hamilton* v. *State*, 96 *Ga.* 301, held that in cases of this character it was the duty of the judge, whether so requested or not, to state to the jury the law with regard to circumstantial evidence.    In the opinion it was said that a failure to do this would, in a close or doubtful case, entitle the accused to a new trial.    It by no means follows, however, that such failure will require a new trial where the guilt of the accused is clearly and convincingly proved, and where the charge of the court as to the amount and character of proof requisite to a lawful conviction is such as to leave no room for doubt that the verdict would have been the same even if the court had in terms stated to the jury the technical rule relating to circumstantial evidence.    In *Barrow* v. *State*, 80 *Ga.* 191, it was ruled that the failure of the court "to give in charge, specially, the law as to circumstantial evidence, there being no request to this effect,

constitutes no ground for a new trial, when it appears that the court did very fully, and liberally to the defendant, instruct the jury as to the law of reasonable doubts and the amount and character of testimony necessary to warrant a conviction." In the case now before us, the guilt of the accused was well established, and the charge was very full and fair., In one place the court even instructed the jury that if they had "any doubt" of the guilt of the accused, they ought not to convict him. We are fully satisfied, after a careful reading of the evidence and an examination of the instructions given to the jury, that the result would and ought to have been the same even if the court had in terms stated to the jury that, in order to warrant a conviction, the evidence must not only be consistent with the guilt of the accused, but inconsistent with every other reasonable hypothesis. This being so, we do not think it would be right to reverse the judgment and order a new trial. We are convinced that exact justice has already been done, and that, to all intents and purposes, the accused had a fair and impartial trial.        *Judgment affirmed.    All the Justices concurring.*