SAYER, tax-collector, *v.* DOUGLAS COUNTY *et al.*

This case is controlled by the decision this day rendered in *Sayer* v. *Brown.*

Argued January 21, — Decided February 16, 1904.

Petition for injunction.　Before Judge Bartlett.　Douglas superior court.　December 1, 1903.

*B. G. Griggs, Roberts & Hutcheson,* and *J. S. James,* for plaintiff.　*W. A. James* and *J. D. Kilpatrick,* for defendants.

FISH, P. J.　The present bill of exceptions assigns error upon the judgment of the court below, in refusing to grant the extraordinary relief prayed for by Sayer, the plaintiff in error, in what is called by the parties a " cross-bill " in the case of *Douglas County* v. *Sayer,* post, 551.　Upon an examination of the record, we find that every material allegation of fact in this " cross-bill," relied upon for the relief therein prayed for, except one, was denied in the answer thereto.　As the evidence upon which the case was tried, for the reason stated in the case of *Douglas County* v. *Sayer,* is not before us, we can not consider any question, which this bill of exceptions seeks to present, which depends upon facts which were in dispute.　The allegation admitted by the answer was one in reference to a certain notice which the county commissioners had served upon Sayer, as tax-collector, requiring him, on a designated date, to appear before them, with the books, receipts, etc., pertaining to his office, and to make a full and complete settlement with the county.　In this case the constitutionality of the act of July 30, 1903 (Acts 1903, p. 332), conferring exclusive jurisdiction upon the commissioners of Douglas county over certain county matters, including the examination, auditing, and settlement of the accounts of the tax-collector of the county, is attacked upon the same grounds as those contained in the petition which was under consideration in *Sayer* v. *Brown,* ante, 539, and upon two additional grounds.　All of these grounds which appear in both

cases, and which were properly presented, have already been passed upon in the former case, and held to be without merit.　One of the additional grounds, which appears in this "cross" petition, has not even been alluded to in the brief of counsel for plaintiff in error, and we therefore treat it as having been abandoned.　*Jones* v. *Peterson,* 117 *Ga.* 60.　The allegation in reference to the other additional ground, which has been argued in the brief, is so vague, indefinite, and obscure as not to present any constitutional question for determination.　A mere general allegation that a given act of the legislature is void presents no question for consideration by a court; and an allegation that a designated act is unconstitutional, without indicating the particular constitutional provision which it is claimed the act violates, is equally worthless.　*Sayer* v. *Brown,* supra, and cit.

There is no merit whatever in the contention that the county commissioners have no authority to meet at any other time than the first Tuesday in each month.　Section 11 of the act provides: "That said board of commissioners shall meet on the first Tuesday in each month, and at the call of the chairman when the public business so requires."　Under this provision, the board is required to meet on the first Tuesday in each month, and can lawfully meet, when the public business so requires, at the call of the chairman, on a day other than the first Tuesday of a month.　We do not think that the mere service upon the tax-collector of the notice referred to in this opinion would have entitled him to an injunction, even if the act in question had been shown to be unconstitutional; but in any view of the case, it is controlled by the decision in *Sayer* v. *Brown,* above cited.

*Judgment affirmed. All the Justices concur, except Simmons, C. J., absent.*