## STAFFORD *v.* THE STATE.

LAMAR, J.  1. Testimony of a witness that he had heard that the prosecutor lost certain clothing was not inadmissible as hearsay, when offered solely for the purpose of showing why he had carefully examined the property found in the possession of the defendant.  Civil Code, § 5176.

2. There was ample evidence of the larceny from the house, and direct proof of the fact that recently thereafter the goods were found in the possession of the defendant, who made no attempt to explain how he came thereby.  The verdict was demanded by the evidence.

*Judgment affirmed.  All the Justices concur.*

Submitted October 19, — Decided November 10, 1904.

Accusation of larceny from the house.  Before Judge Humphreys.  City court of Moultrie.  August 31, 1904.

*J. D. McKenzie,* for plaintiff in error.
*T. W. Mattox, solicitor,* contra.

---

## WILLIAMS *v.* THE STATE.

FISH, P. J.  1. Where a petition for certiorari had attached thereto, as an exhibit, a copy of a plea filed in the trial court, and upon a refusal to sanction the petition a bill of exceptions was sued out, containing a copy of the petition, but omitting entirely the exhibit and the contents of the plea, an assignment of error relating solely to such plea can not be considered by the Supreme Court, though the plea be sent up as part of the transcript of the record, certified by the clerk of the superior court.  *Anthony* v. *State,* 112 *Ga.* 751; *Ross* v. *Mercer,* 118 *Ga.* 905.

2. An assignment of error not referred to in the brief of counsel for the plaintiff in error will be treated as abandoned.  *Sayer* v. *Douglas County,* 119 *Ga.* 550.  *Judgment affirmed.  All the Justices concur.*

Submitted October 19, — Decided November 10, 1904.

Certiorari.  Before Judge Spence.  Mitchell superior court.  April 18, 1904.

*Scaife & Powell* and *L. Z. Rosser,* for plaintiff in error.
*W. E. Wooten, solicitor-general,* and *S. S. Bennet,* contra.

121  169
Case 2
121  428

121  169
Case 2
123  497

121  169
Case 2
124  790