MAYSON v. THE STATE.

1. A complaint that a sentence is excessive can not properly be made a ground of a motion for a new trial.
2. An assignment of error not referred to in the brief of the plaintiff in error will be treated as abandoned.
3. The verdict was supported by the evidence, and the discretion of the trial judge in refusing a new trial will not be disturbed.

Argued January 15,—Decided February 15, 1906.

Indictment for burglary. Before Judge Roan. Fulton superior court. December 5, 1905.

*Moore & Moore,* for plaintiff in error.

*C. D. Hill, solicitor-general,* contra.

ATKINSON, J. 1. One of the grounds of the motion for a new trial complains that "the sentence of ten years in said case is excessive." This objection is one which goes to the judgment only, and does not extend to the verdict, which the motion for a new trial seeks to set aside. That the error alleged affords no ground for setting aside a verdict and granting a new trial is well established by repeated rulings of this court. *Truitt* v. *State,* ante, 657; *Bellinger* v. *State,* 116 *Ga.* 545; *McCollum* v. *State,* 119 *Ga.* 308.

2. Another of the grounds of error complained of relates to a refusal by the court to postpone the trial of the case because of the statement by one of the counsel for the defendant, made when the case was called for trial, "that he was physically unable to go into the trial of the case, and that he was the counsel to whom Frank Mayson was looking for his defense." Whether, under the explanation of this exception, made by the court in the order approving the grounds of the motion for a new trial, there was any merit in this exception, we do not determine; for the reason that upon the argument in this court, the counsel for the plaintiff in error did not, in the briefs filed, refer to or otherwise insist upon this as a reason for the reversal of the judgment. The court, therefore, under the well-established rules of practice prevailing here under such circumstances, will treat as abandoned such assignment of error. *Tarver* v. *State,* 123 *Ga.* 494; *Williams* v. *State,* 121 *Ga.* 169; *Sayer* v. *Douglas County,* 119 *Ga.* 550.

3. The only remaining exception made, being the general complaint that the verdict is contrary to evidence and without evidence to support it, is without merit. A careful review of the testimony shows sufficient evidence upon every contested point to sustain the finding of the jury; and, since the verdict has been approved by the trial judge, his discretion in refusing a new trial upon that ground will not be disturbed.

*Judgment affirmed. All the Justices concur.*