# CASES

## DECIDED IN THE

# SUPREME COURT OF GEORGIA

### AT THE

## OCTOBER TERM, 1906.

---

### CAUDELL et al. v. CAUDELL et al.

1. This is a suit to reform a deed so as to embrace a certain matter alleged to have been omitted therefrom by mistake at the time of its execution. The evidence affirmatively shows that the matter was not omitted by mistake. Under such conditions, the deed will not be reformed.
2. The contention that the deed should be cancelled as a cloud upon the plaintiff's title, which was made by the pleadings, is not referred to in the brief of counsel for plaintiff in error, and, under repeated rulings of this court, the assignment of error upon the refusal of the court to cancel the instrument in question will be treated as abandoned, and will not be considered.
3. The petition having set forth a cause of action against all of the defendants, and one of them having failed to answer, the allegations against him are to be taken as true, and a nonsuit should not have been rendered in his favor. As to the other two defendants, there was an answer, and, upon the issues created, the proof was insufficient to support the action against either of them for any relief whatever, and a nonsuit as to them was proper.

Submitted July 18,—Decided November 16, 1906.

Equitable petition. Before Judge Russell. Banks superior court. September 20, 1905.

W. W. Stark, for plaintiffs.

H. H. Perry and A. J. Griffin, for defendants.

ATKINSON, J. David Caudell instituted suit against his son, J. D. Caudell, and Marion Whitfield and John Garrison. It was alleged, among other things, that David Caudell, being of advanced years, desired to make provision for the distribution of his property among his several children after his death; that he had several hundred

1

acres of land which he desired to convey to his sons upon condition that they pay his daughters certain sums of money; that, with this object in view, he attempted to convey the land in dispute to one of his sons, J. D. Caudell, intending at the time to express in the deed the condition above mentioned, specifying the sum to be paid and to whom it was to be paid; that by mistake he omitted in the deed all reference to the condition intended to be expressed; that the deed as prepared expressed natural love and affection as the only consideration, and purported to convey the property forever in fee simple, and concluded with this clause: "And the said David Caudell reserves to himself and his wife, Sarah C. Caudell, all the rights, privileges, rents, and profits during their natural lives, and at the death of the said David Caudell and his wife, Sarah Caudell, then this deed to take effect." It was further alleged that the plaintiff, David Caudell, did not surrender possession of the premises, but on the contrary had at all times remained, and was at the time of instituting the suit, in actual possession of the premises. It was further alleged, that the defendant, J. D. Caudell, had never complied with the condition by paying any part of the money which it was intended that he should pay to his sisters, and was not entitled to any interest in the property; that without having any interest, the said J. D. Caudell had sold the property to his codefendants, Whitfield and Garrison; that neither of them was a bona fide purchaser, because both had notice that he had no interest in the property, and both knew of the condition, which, by mistake, had been omitted from the deed, and both knew that he had not complied with the condition by paying to his sisters the money required under the condition. By amendment the sisters were made parties plaintiff. It was prayed (among other things), "1. That said deed mentioned in par. 1 of this petition be reformed and corrected by adding the condition to the same, mentioned in par. 2 of this petition. 2. That in the event said deed is not reformed and corrected, that it be ordered up and cancelled by the court as a cloud upon petitioner's title to said land. 3. That plaintiff recover of defendants the sum of $400 which was to be paid to said Mrs. Payne and Mrs. Boling." J. D. Caudell did not answer. His codefendants both answered, admitting that David Caudell had executed the deed hereinbefore referred to, and that, by purchase through a chain of title originating in the said J. D. Caudell,

they now own the interest which J. D. Caudell had in the property. They denied that there was any charge upon the estate in favor of J. D. Caudell's sisters, and denied that the plaintiff had continued in possession of the property, but averred, on the contrary, that J. D. Caudell had been in possession thereof under the deed. They also alleged that if there was any charge upon the property in favor of the sisters of J. D. Caudell, they had no notice thereof. They further alleged that the plaintiff expressly informed them that the property belonged exclusively to the defendant J. D. Caudell, and that he had a right to sell the same.

On the trial of the case, the plaintiff introduced the deed herein-before described, and testimony substantially to the effect as charged in the declaration, except upon the question of mistake. Upon that question the plaintiff himself omitted to testify that the alleged condition upon which he undertook to convey the property to his son J. D. Caudell had by mistake been omitted from the deed. The defendant J. D. Caudell was also sworn for the plain-tiff, and he likewise omitted to testify that the condition just re-ferred to was omitted from the deed by mistake. The nearest approach which this witness made to testifying that the condi-tion was omitted from the deed by mistake is found in the fol-lowing words: "When my father made the deed to me, he said he would deed me and my two brothers the land. We were to pay the estate $1,000 in proportion to what we received, and I had to pay $400. The reason that was not put in the deed, he forgot it, he said, or I reckon he didn't think it was neces-sary to do it; that we would pay it. That was the agreement be-tween us." James H. Caudell, a brother of the plaintiff, testified: "I think I wrote the deed for my brother David Caudell to his sons, and my recollection is, while writing the deed and a judge (J. P.) was reading it from the form book,—we got a right smart piece along in the deed, and he said something about, 'What about your daughters?' 'Well,' he said, 'the boys are going to pay their part of the $1,000'—I think, my recollection is,—'in accordance with the number of acres they get of their pro rata share.' And we said something to him about may be it ought to be in the deed, and he said, 'No, the boys will take the land and pay the girls the money.' That is the reason why it was not put in the deed." There was other evidence introduced tending to sustain the propo-

sition that the deed was made by David Caudell to J. D. Caudell upon the understanding that he was to pay his sisters, who became plaintiffs by amendment, the sum of $400, and that he had never paid any part of that sum. There was also evidence to the effect that the defendants Whitfield and Garrison knew of the condition, and that it had not been complied with. The plaintiff, David Caudell, testified that he had never told the defendant Whitfield that J. D. Caudell had a right to sell the property. He also testified that while J. D. Caudell had cultivated some of the land, it was always as his tenant, and that he had never yielded possession thereof to J. D. Caudell or to any one else. Upon the conclusion of the evidence the court granted a nonsuit. To that ruling the plaintiff excepts, and assigns error thereon.

1. It was attempted by this suit to reform the instrument in question so as to make it embrace substantial matter which it is alleged was omitted by mutual mistake. The evidence of the parties to the deed fails to sustain the allegation that the matter now sought to be incorporated was omitted by mistake. On the contrary, the evidence shows conclusively that there was no mistake connected with the execution of the deed. It appears from the plaintiff's own witness who drafted the instrument, and who was his own brother, that the matter which is now sought to be embraced in the deed was called to his attention at the time of the execution of the instrument, and the advisability of expressing the matter in the deed was suggested to him, and he expressly stated that it need not be done. This evidence conclusively disposes of the question touching the right to reform the instrument.

2. The second prayer seeks to cancel the instrument as a cloud upon the plaintiff's title, without assigning any reason therefor, nor is any reference made thereto in the brief of counsel for the plaintiff in error. Under these conditions, the assignment of error upon that ground will be treated as abandoned, and will not be considered by this court. See *Mayson* v. *State,* 124 *Ga.* 789, and cit.

3. The third prayer is that the plaintiff recover of the defendants the sum of $400, which was to be paid to Mrs. Payne and Mrs. Boling. Relative to this prayer, it will be noticed that one of the defendants, J. D. Caudell, did not answer, and for that reason the allegations of the petition stood as true, so far as he was concerned. Mrs. Payne and Mrs. Boling both having been made parties plain-

tiff with their father, the said David Caudell, there should have been a recovery against J. D. Caudell for the use of Mrs. Payne and Mrs. Boling for the amount claimed. There was nothing in the evidence to show any money liability upon the part of the defendants Whitfield and Garrison to the plaintiff. Whatever interest Whitfield and Garrison may have acquired in the property was acquired free of any condition which was attempted to be charged upon the estate in favor of Mrs. Payne and Mrs. Boling. The nonsuit was properly granted as to Garrison and Whitfield. As to J. D. Caudell there should not have been a nonsuit.

Judgment is reversed, with direction that the nonsuit stand as to the defendants Whitfield and Garrison, and that the cause be reinstated as to J. D. Caudell, and that J. D. Caudell pay the costs of this writ of error.

*Judgment reversed, with direction. All the Justices concur.*