*W. H. Barrett, E. L. Brinson,* and *W. H. Davis,* contra.

---

## WIDINCAMP *v.* WIDINCAMP.

1. In an action of complaint for land, where the plaintiff relies for his recovery upon a warranty deed to said land executed to him by the defendant, and the latter admits the execution of the warranty deed of conveyance as set forth in the plaintiff's abstract of title, admits possession of the land and the value of the mesne profits as alleged in the petition, but sets up the affirmative defense of such fraud on the part of the plaintiff in the procurement of the execution of the deed as would, if established by proof, render the deed void and subject to be cancelled, and thereupon at the trial, before the introduction of any evidence, the defendant assumes the burden of proof and claims the right to open and conclude the argument, it is error on the part of the court to deny this right to the defendant, he having admitted a prima facie case in the plaintiff, and his claim of right to the opening and conclusion having been made in time.

2. There is no merit in the assignment of error attacking the charge as a whole upon the ground that it was argumentative, and gave too great prominence to the contentions of the plaintiff, and unduly emphasized those contentions by frequent repetition and to such an extent as to unduly influence the minds of the jury in favor of the plaintiff.

3. Grounds of a motion for a new trial which are not referred to nor argued in the brief of counsel for plaintiff in error will be considered as abandoned.

FEBRUARY 14, 1911.

Complaint for land. Before Judge Rawlings. Tattnall superior court. August 25, 1909.

*E. C. Collins, A. S. Way,* and *Walter F. Grey,* for plaintiff in error. *Isaiah Beasley* and *Hines & Jordan,* contra.

BECK, J.  E. Widincamp brought complaint for land against S. Widincamp, alleging that the latter is in possession of a certain tract of land to which petitioner claims title, being seized thereof in fee, and that the defendant has received the profits of said land since the first day of January, 1906, of the yearly value of $300, refusing to deliver the land to petitioner or to pay him the profits thereof.  An abstract of title to the land in controversy is attached to the petition, showing a warranty deed to the land from the defendant to the plaintiff, dated May 20, 1897, and duly recorded. The defendant filed his plea and answer, denying "each and every allegation in each and every paragraph of plaintiff's petition, except as hereinafter admitted."  It is admitted that the defendant is in possession of the tract of land sued for, and refuses to deliver the same to plaintiff or to pay him the profits thereof; and the defendant says further that said tract of land is the right and property of himself, and that plaintiff has no right, title, or interest in or to the same.  In substance this was the plea and answer as filed originally.  Subsequently the defendant amended the answer "by making the following additional allegations, to wit: First: Defendant admits that he made and executed to petitioner the said deed of conveyance as set forth in petitioner's abstract attached to his said petition.  Second: Defendant admits that he has received the profits of said land from the first day of January, 1906, of the yearly value of $300, as alleged by petitioner in his said petition, and refuses to pay petitioner said profits.  And for further plea and answer in this behalf defendant says that while it is true that he made and executed the deed of conveyance to said land to petitioner, defendant says that the execution of said conveyance from defendant was procured by petitioner in the following manner:" The defendant in the remainder of the amendment following that portion of the plea quoted above sets forth facts showing that the warranty deed referred to was void for fraud in its procurement, and that he, being an ignorant and illiterate man and relying upon the statements of the plaintiff, who was his brother, at the time of the execution of the paper alleged to be void for fraud, that the same was a mortgage, and having confidence in his brother, signed the same, believing it to be a mortgage, without reading it or having it read over to him, and that he executed the paper to secure the payment of a certain sum of money which he had borrowed from his

brother, the plaintiff, and which he has since repaid; and he prayed a judgment and decree declaring that the said deed be cancelled and of no effect. Before the introduction of evidence in the trial of the case, the defendant offered to assume the burden of proof, claiming that he had by his pleadings admitted a prima facie case in the plaintiff, and was therefore entitled to the opening and conclusion in the case; but the court ruled that the defendant had not admitted a prima facie case in the plaintiff, that the burden was upon the plaintiff, and that the latter had the right to open and conclude the argument in the case. To which ruling of the court the defendant excepted. The jury returned a verdict for the plaintiff; whereupon the defendant made a motion for a new trial, and this being overruled, he excepted.

1. The right to open and conclude the argument in a case is an important and valuable right, and the refusal to accord that right to the party entitled to it can not be treated as immaterial error. As the case stood upon the pleadings when the defendant filed his original plea and answer, the burden of making out his case was upon the plaintiff. The defendant had denied the allegations in the petition, "except as hereinafter admitted." That denial extended to the allegation in the petition of the execution of a warranty deed by the defendant to the plaintiff, conveying to the latter the lands in controversy. But the defendant amended his plea by making certain "additional allegations," and those "additional allegations" contained a distinct admission of the execution by the defendant of the warranty deed of conveyance as set forth in petitioner's abstract of title, and the other admission that he had received the profits of said land of the yearly value of $300, as alleged by petitioner, and that he refused to pay petitioner the profits. When this amendment was filed, not as a separate and distinct plea, leaving the contradictory statements in the original plea to stand, but as a part of his plea, it became incorporated in that plea and is to be construed in connection with the first paragraph of the original plea and answer, which "denies each and every allegation in each and every paragraph of plaintiff's petition, except as hereinafter admitted." While there was no express withdrawal of that part of the original plea and answer denying the execution of the warranty deed in question, the making of the "additional allegations" in the amendment must be regarded and treated as modify-

ing and changing the original plea and answer to the extent of substituting an admission of an alleged execution of the warranty deed in the place of the denial of the execution of that deed. When this admission was made in connection with the other admissions, a prima facie case in favor of the plaintiff was made out; and if no evidence had been introduced, the court would have been authorized to direct a verdict in favor of the plaintiff upon the pleadings. The admissions contained in the original plea and answer and the amendment thereof relieved the plaintiff of all burden of establishing the allegations of his petition by evidence, and put upon the defendant the burden of establishing by evidence the affirmative defense set up, which was, in substance, that the execution of the deed had been procured by such fraud upon the part of the plaintiff as to render the same void. Civil Code (1895), § 5160 (Civil Code (1910), § 5746); *Broach* v. *Kelly,* 71 *Ga.* 698; *Montgomery* v. *Hunt,* 93 *Ga.* 438 (21 S. E. 59).

2. The assignment of error in the motion for a new trial, attacking the charge of the court as a whole upon the ground that it was argumentative, and gave too great prominence to the contentions of the plaintiff, and unduly emphasized those contentions by frequent repetition and to such an extent as to unduly influence the minds of the jury in favor of the plaintiff, does not appear, upon examination of the charge, to be meritorious.

3. There were other grounds in the motion for a new trial, but they are not referred to in the brief of counsel for plaintiff in error, and are therefore considered as abandoned. *Williams* v. *State,* 121 *Ga.* 169 (48 S. E. 906).

*Judgment reversed. All the Justices concur.*