### 17043.   HILL *v.* THE STATE.

Failure to charge the jury on the law applicable to circumstantial evidence, although the evidence against the accused was circumstantial, does not, under the facts of this case, require a new trial.

DECIDED MARCH 2, 1926.

Conviction of adultery; from Madison superior court—Judge W. L. Hodges.   November 9, 1925.

*Comers G. Moore,* for plaintiff in error.

*A. S. Skelton, solicitor-general,* contra.

BLOODWORTH, J.   "While the failure of the court upon a criminal trial, in which the evidence against the accused is entirely circumstantial, to instruct the jury concerning the rule applicable to evidence of this character would, in a close or doubtful case, be cause for a new trial, such failure will not require another trial when the guilt of the accused is clearly and convincingly proved, and the charge as to the amount and character of proof requisite to a lawful conviction is such as to leave no room for doubt that the verdict would have been the same even if the court had in terms stated to the jury that, in order to warrant a verdict of guilty, the evidence must not only be consistent with the guilt of the accused, but inconsistent with every other reasonable hypothesis." *Toler* v. *State,* 107 *Ga.* 682 (33 S. E. 629). The principle announced above is controlling in this case.   In the opinion in that

---

Criminal Law, 17 C. J. p. 351, n. 26; p. 352, n. 48.

case Presiding Justice Lumpkin said: "We are fully satisfied, after a careful reading of the evidence and an examination of the instructions given to the jury, that the result would and ought to have been the same even if the court had in terms stated to the jury that, in order to warrant a conviction, the evidence must not only be consistent with the guilt of the accused, but inconsistent with every other reasonable hypothesis. This being so, we do not think it would be right to reverse the judgment and order a new trial. We are convinced that exact justice has already been done, and that, to all intents and purposes, the accused had a fair and impartial trial." We adopt this language as applicable to the case under consideration.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*