30158.   HARPER *v.* THE STATE.

DECIDED OCTOBER 4, 1943.

*James R. Venable, Frank A. Bowers,* for plaintiff in error.

*John A. Boykin, solicitor-general, E. E. Andrews, Durwood T. Pye, Lindley W. Camp, solicitor,* contra.

GARDNER, J.   1. The court charged the jury, as to corroboration of the testimony of an accomplice, as follows: "There are numbers of ways by which corroboration may be made: testimony of other witnesses, proof of what is known in the law as the corpus delicti." This was error; for proof of the corpus delicti is not such corroboration as the law requires. "Where, on a trial for burglary, the evidence relied upon by the State was that of an

accomplice, it was error to charge the jury that proof of the corpus delicti would be sufficient corroboration of the testimony of an accomplice to warrant a conviction. The rule is well settled that the testimony of an accomplice in a felony case must be corroborated by some independent fact or circumstance which, taken by itself, leads to the inference not only that a crime has been committed, but that the defendant is implicated in its commission. Proof of the corpus delicti independently of the evidence of the accomplice is corroborative of the guilt of the accomplice, but does not at all corroborate his testimony as to the guilt of another." *Altman* v. *State,* 5 *Ga. App.* 833 (63 S. E. 928). "The evidence, though in large measure circumstantial, authorized the inference that a conspiracy existed between the defendant and another person to kill the deceased, and that the defendant aided and abetted the killing by supplying the gun used by the other person for that purpose. . . But 'it is not required that this corroboration shall of itself be sufficient to warrant a verdict, or that the testimony of the accomplice be corroborated in every material particular. . . Slight evidence from an extraneous source identifying the accused as a participator in the criminal act will be sufficient corroboration of the accomplice to support a verdict. . . The sufficiency of the corroboration of the testimony of the accomplice to produce conviction of the defendant's guilt is peculiarly a matter for the jury to determine. If the verdict is founded on slight evidence of corroboration connecting the defendant with the crime, it can not be said, as a matter of law, that the verdict is contrary to the evidence.' *Hargrove* v. *State,* 125 *Ga.* 270, 274 (54 S. E. 164). In the present case the jury were authorized to find that the alleged accomplice was sufficiently corroborated." *Whaley* v. *State,* 177 *Ga.* 757. See *Sanders* v. *State,* 46 *Ga. App.* 175; *Brewer* v. *State,* 47 *Ga. App.* 759; *Newman* v. *State,* 63 *Ga. App.* 417. The testimony needful and sufficient to satisfy the law must be such as relates to the connection of the accused with the commission of the offense, and which, independently of the testimony of the accomplice, tends to connect the defendant with the perpetration of the crime as charged.

2. The error pointed out above does not require a reversal in the instant case; for the evidence demanded a verdict of guilty. "While the failure of the court upon a criminal trial, in which

the evidence against the accused is entirely circumstantial, to instruct the jury concerning the rule applicable to evidence of this character would, in a close or doubtful case, be cause for a new trial, such failure will not require another trial when the guilt of the accused is clearly and convincingly proved, and the charge as to the amount and character of proof requisite to a lawful conviction is such as to leave no room for doubt that the verdict would have been the same even if the court had in terms stated to the jury that, in order to warrant a verdict of guilty, the evidence must not only be consistent with the guilt of the accused, but inconsistent with every other reasonable hypothesis." *Toler* v. *State*, 107 *Ga.* 682; *Pierce* v. *State*, 41 *Ga. App.* 498; *Cherry* v. *State*, 38 *Ga. App.* 388, and cit. The charge as a whole was sufficient in law, in the absence of a timely written request, to withstand the attack for any reason assigned, other than above specified.

*Judgment affirmed. Broyles, C. J., concurs. MacIntyre, J., dissents.*

MacIntyre, J. I think the charge referred to in division 1 of the opinion was erroneous and harmful. A verdict of guilty was not demanded by the evidence and the defendant's statement, and a new trial should have been granted.