## 48558. CAMPBELL v. THE STATE.
## 48559. GIBSON v. THE STATE.

HALL, Presiding Judge. In the joint appeal of their burglary convictions entered July 24, 1972, appellants Campbell and Gibson raised two issues: whether the verdicts were contrary to the law and the evidence; and whether the trial court erred in failing to charge the jury on the law of circumstantial evidence in absence of a request to do so.

Appellants were tried for the December 20, 1971 burglary of the Garrett home, and at trial Mr. and Mrs. Garrett testified to the occurrence of a burglary on that date at which time guns and a silver service, among other things were stolen. Mr. Garrett identified numerous state exhibits as the stolen items. The evidence was that pursuant to information received, the police searched the premises of a Mr. Doyle for stolen goods, finding the items in question. Doyle's testimony identified these items as having been sold to him by the defendant Campbell who came to his place of business to do so, and he testified that Gibson had accompanied Campbell at the sale of one gun and perhaps on an additional trip as well. Doyle further testified that he was himself under indictment for receiving stolen goods.

In their unsworn statements, both appellants referred almost exclusively to the circumstances of their subsequent arrests, which occurred as they were again on Doyle's premises, this time

with pipe wrenches and other tools in the back of their car, together with three guns which Gibson's statement informed the jury were stolen guns, though he claimed to have bought them earlier in the day from an unidentified man at the Amvets Club. Both appellants insisted they had gone to see Doyle only because he owed Campbell money; neither appellant denied, affirmed, explained, or in any way whatsoever referred to Doyle's testimony that they had previously sold him the guns and silver service identified by Mr. Garrett.

Thus, as to those items including the silver service, the record presents a complete absence of any explanation whatever by either appellant for their possession, as reflected in Doyle's testimony, of that recently stolen property.

The judge did not charge the jury on the law of circumstantial evidence; however he did charge fully on reasonable doubt. The jury convicted both defendants. The state on the penalty phase of the trial then introduced evidence of a former felony conviction of each defendant, and the jury subsequently sentenced each to 20 years.

The evidence of a defendant's unexplained possession of recently stolen property is circumstantial evidence (*Harvey v. State* 111 Ga. App. 279 (5) (141 SE2d 604)), and therefore where such evidence is the only evidence tending to show guilt, the rule with regard to the court's charging on the law of circumstantial evidence (Code § 38-109) is as follows: "When in the trial of a criminal case the evidence against the accused was entirely circumstantial, it was the duty of the judge not only to charge upon the law of reasonable doubt, but also, whether so requested or not, to state to the jury the rule usually applicable in such cases, to the effect that the evidence must connect the accused with the perpetration of the alleged offense, and must not only be consistent with his guilt, but inconsistent with every other reasonable hypothesis." *Hamilton v. State,* 96 Ga. 301 (1) (22 SE 528). In a wholly circumstantial case, where the judge fails so to charge, defendant is, as a general rule, entitled to a new trial. *Id.; Gallman v. State,* 127 Ga. App. 849 (195 SE2d 187); *Kelley v. State,* 20 Ga. App. 821 (93 SE 497); *Harris v. State,* 18 Ga. App. 710 (90 SE 370). This rule has been recognized in the following cases among others: *DePalma v. State,* 228 Ga. 272 (185 SE2d 53); *Walker v. State,* 226 Ga. 292 (11) (174 SE2d 440); *Pippins v. State,* 224 Ga. 462 (3) (162 SE2d 338); *Simmons v. State,* 129 Ga. App. 103 (4) (198 SE2d 683); *Nolen v. State,* 124 Ga. App. 593 (184

SE2d 674).

This court has sometimes implied that the only valid exceptions to the rule are cases in which a verdict of guilty was demanded by the evidence, in which case a new trial will not be granted for failure of the judge to charge on circumstantial evidence in a wholly circumstantial case. E. g., *Harper v. State,* 70 Ga. App. 20 (27 SE2d 233); *Amoson v. State,* 70 Ga. App. 96 (27 SE2d 425); *Miller v. State,* 69 Ga. App. 847 (26 SE2d 851). However, that is not true in all circumstances.

We find only two Georgia cases which recount the facts on which they were decided with sufficient particularity to show that a larceny defendant found in the possession of recently stolen property made no explanation of his possession, as, here, Campbell and Gibson failed entirely in their statements even to allude to the silver service. Those cases are *Stafford v. State,* 121 Ga. 169 (2) (48 SE 903), and *Morgan v. State,* 34 Ga. App. 178 (128 SE 689). In *Stafford,* the Supreme Court ruled a verdict of guilty was demanded; in *Morgan,* this court held that the facts that no explanation was given and that the case was not "a close or doubtful one" but the verdict was "amply authorized" required a holding that defendant was not entitled to a new trial even though the judge had failed to charge on circumstantial evidence and the state's evidence was wholly circumstantial. *Jones v. State,* 105 Ga. 649 (31 SE 574) adds further support to this rule, finding that defendant's explanation was "entirely insufficient" and the case not close or doubtful, and holding defendant not entitled to a new trial even though the instruction on circumstantial evidence was not given.

Other cases indicating that the "general" rule quoted above requiring a new trial would not apply unless the case were close or doubtful are *Hill v. State,* 35 Ga. App. 192 (132 SE 263); *Johns v. State,* 28 Ga. App. 574 (112 SE 522), and *Hamilton v. State,* 96 Ga. 301 (22 SE 528). The rule need not apply where "the guilt of the accused was well established, and the charge [on reasonable doubt] was very full and fair." *Toler v. State,* 107 Ga. 682, 683 (33 SE 629).

Our reading of the record and trial transcript shows that the verdict of guilty was amply authorized as to both appellants; this was not a close or doubtful case. Therefore, appellants having offered no explanation for their possession of the recently stolen property, the court did not commit reversible error in failing to charge the jury as to the law of circumstantial evidence, the

charge on reasonable doubt having been full and fair.

*Judgment affirmed. Evans and Clark, JJ., concur.*

SUBMITTED SEPTEMBER 17, 1973 — DECIDED OCTOBER 5, 1973.

*Albert G. Ingram,* for appellants.

*Richard E. Allen,* District Attorney, *J. Bacheller Flythe,* for appellee.