30218. GERMANY v. THE STATE.

HILL, Justice.

This is an out-of-time appeal following verdicts of guilty and jury-imposed consecutive sentences of 20 years

for armed robbery, 10 years for aggravated assault, and 7 years for motor vehicle theft. The first issue involved on appeal is the sufficiency of the evidence to support the verdicts of guilty on two of those offenses, to wit: armed robbery and motor vehicle theft. The main issue, whether the evidence as to those two offenses was direct or circumstantial and whether the court erred in failing to instruct the jury on the law of circumstantial evidence, arises as a corollary of the first.

All three offenses occurred at a supermarket. The indictment charged the defendant with aggravated assault upon Palmer Williams, and armed robbery and motor vehicle theft from a Mrs. Tarlyn. Mrs. Tarlyn was wounded during a subsequent unrelated robbery and did not testify at the trial of this case.

The testimony shows that Palmer Williams, the assistant manager of the market, was in the process of closing on Sunday, December 19, 1971, at about 2 p.m. He had locked all of the money from the cash registers in the vault when he turned around to find a man later identified as defendant Germany pointing a pistol at his face. Another man, wearing a stocking on top of his head under his hat, was with the defendant, according to Williams. The defendant shoved Williams, threatened him and hit him over the head with the pistol, knocking him out.

When Williams regained consciousness, he saw the two cashiers, Mrs. Tarlyn and Mrs. Jones, lying face down on the floor. He saw the defendant crouched behind a rack, gun in hand, peering out at someone coming in the door. Mrs. Tarlyn's purse, which she normally kept in the office, was lying on the floor beside the defendant, with its contents scattered about. The other robber had gone from the store at this time. The defendant ordered Mrs. Tarlyn to give him her car keys and ran out the door.

Williams stated that he had just cashed a $655 check for Mrs. Tarlyn and he "thought" that money was taken from her purse. Williams also testified that Mrs. Tarlyn's car was parked behind the store. After the defendant ran out the door, Williams tried to follow him but blacked out again and woke up in the hospital. Williams made an unequivocal identification of the defendant.

Mrs. Jones, one of the cashiers, testified that the defendant was the man who hit Williams on the head with a pistol, and that he then forced her to lie face down on the floor so that, although she could hear, she did not see anything which occurred after Williams was knocked out. She testified that no customers were in the store when the defendant entered, that she did not see an accomplice, and that the defendant was wearing a hat and had a stocking on top of his head which he tried to pull over his face without success. Mrs. Jones testified that Mrs. Tarlyn's money was in her purse and that Mrs. Tarlyn's car was "taken."

Willie Anderson, an employee of the market who was outside when the robbery occurred, stated that three men were involved. He saw one of them, wearing what appeared to be a ski mask, run from the store and leave with another man who was waiting in a Pontiac, about 1959 model, with tag number LMI-896. Next Anderson saw the defendant come from the store, carrying a .32 or .38 caliber revolver. Mrs. Tarlyn came out at about the same time crying "Don't take my car" and "Someone please call the police." The defendant went around the building. Anderson did not see the defendant take Mrs. Tarlyn's car because he went to the service station across the street to call the police.

A detective with the sheriff's department, Gary Hull, testified that he received an armed robbery report on December 19, that he spoke with Anderson and determined that 1971 tag number LMI-896 was registered to Willie Edward Germany, and that Mrs. Tarlyn's car was recovered about an hour later, pulled into some trees, undamaged, but that no fingerprints could be recovered. The defendant was arrested in his automobile the next day. No gun or sizable amount of money was found. Hull testified that his investigation had disclosed that five or six hundred dollars was taken from Mrs. Tarlyn's purse. On cross examination Hull stated that his records showed that the defendant was employed as a construction worker.

As heretofore noted, Mrs. Tarlyn did not testify because she had been shot in a later unrelated robbery.

Germany chose to make an unsworn statement, in

which he denied that he committed the robbery, stating that he was at a girlfriend's house from 1:00 p.m. until 9:00 p.m. on the day of the robbery. He stated that he made $5.20 per hour as a cement finisher and had no reason to rob.

When the defendant finished his statement, the prosecution contended that he had put his character into evidence when he testified that he worked and did not need to commit robbery. The jury was sent out, and the state pointed out that the defendant had been convicted of robbing a grocery store and had gotten out of jail not long before this robbery. The defense argued that the defendant was not referring to his character when he said he worked and made a motion for a mistrial, arguing that if testimony as to working put the defendant's character in evidence, then Detective Hull had put the defendant's character in issue by testifying that he was a construction worker. This belated motion was denied and the defense rested. The state then rested without offering the defendant's conviction into evidence prior to the jury's deliberation as to guilt.

The court charged on the presumption of innocence and the burden of proof, reasonable doubt, the right to make an unsworn statement, the offenses of armed robbery, robbery by intimidation, aggravated and simple assault, and auto theft, the defense of alibi, and the forms of the verdicts. Upon request of the jury, the court later charged the law of conspiracy. The court did not charge on circumstantial evidence.

The defendant was found guilty of armed robbery, aggravated assault and motor vehicle theft.

1. The defendant contends that the evidence was insufficient to support the convictions of armed robbery and motor vehicle theft.

Regarding the motor vehicle theft count, the indictment charged the defendant with theft of a "1969 Pontiac, 2 door, 1971 Georgia Tag number LLV 270, color black top and brown bottom, property of Mrs. Morris Tarlyn, of the value of $2,000." Nowhere in the testimony of any of the witnesses is there any description of this automobile other than to "Mrs. Tarlyn's automobile"; e.g., "Mrs. Tarlyn's automobile" was behind the store; "Mrs.

Tarlyn's automobile" was taken; "Mrs. Tarlyn's automobile" was found. The evidence is not sufficient to sustain the conviction as to theft of the motor vehicle described in the indictment.

Regarding the armed robbery, the indictment charged that the defendant took from the person of Mrs. Morris Tarlyn $500 in money, the property of Mrs. Morris Tarlyn, of the value of $500, by use of a pistol. The evidence was sufficient to sustain the conviction of armed robbery.

2. However, the defendant contends that the evidence that $655 was taken from Mrs. Tarlyn was entirely circumstantial, and that the trial court erred in failing to charge, even without request, the law as to circumstantial evidence. *McGruder v. State,* 213 Ga. 259 (98 SE2d 564) (1957).

The state contends that the testimony of Officer Hull was direct evidence as to the taking of the money and that a charge on circumstantial evidence is not required where the state does not rely on circumstantial evidence alone. *House v. State,* 232 Ga. 140 (5) (205 SE2d 217) (1974).

We must therefore determine the nature of Officer Hull's testimony. It is true, as the defendant argues, that hearsay evidence has no probative value even if it is admitted without objection.[1] It is also true, as the state argues, that testimony given by an investigating law enforcement officer as to his conversations with victims and witnesses is admissible under Code Ann. § 38-302 not as hearsay but as original evidence. However, such testimony is admissible under that Code section as original evidence "to explain conduct" of the investigating officer, not as original evidence of the defendant's guilt. See *Patterson v. State,* 233 Ga. 724, 726 (213 SE2d 612) (1975). As the defendant correctly points

---

[1]Thus, the testimony that Mr. Williams "thought" the money was taken from Mrs. Tarlyn's purse has no probative value. His testimony as to what he saw while conscious was complete and his belief that the money was taken from Mrs. Tarlyn's purse could only have come from hearsay or suspicion.

out, if a police officer's testimony as to his conversations with victims and witnesses were admissible as original evidence of guilt, then testimony from eyewitnesses would become unnecessary.

As was correctly observed in *Hix-Green Co. v. Dowis,* 79 Ga. App. 412, 419 (53 SE2d 601) (1949): "To illustrate, it is proper for peace officers to testify that a certain person is reported to be handling liquor, in explaining why a search warrant was procured and why a raid was made. But such hearsay evidence is not admissible to prove the crime."

Thus, although admissible, Officer Hull's testimony as to the money being taken is not direct evidence, because his testimony in this case was based upon his investigation and not his personal observation or knowledge.

Decisions relied upon by the state, e.g., *Lingerfelt v. State,* 231 Ga. 354 (4) (201 SE2d 445) (1973), and *Watkins v. State,* 231 Ga. 481 (202 SE2d 442) (1973), hold only that the testimony given by police officers was admissible to explain conduct. They do not hold that such testimony is admissible as evidence of guilt.

The state contends that there was direct evidence identifying the defendant, direct evidence that he was armed, direct evidence that Mrs. Tarlyn had $655 in cash, direct evidence that Mrs. Tarlyn's money was in her purse, and direct evidence that the defendant had Mrs. Tarlyn's purse.

The defendant argues that no one expressly testified that the $655 was in the purse and that no competent witness testified that the robber took the $655. In other words, the defendant argues that, although there was direct evidence that the robber was armed, the evidence as to the taking of the money was entirely circumstantial.

The defendant cites *McGruder v. State,* 213 Ga. 259 (98 SE2d 564) (1957). We neither approve nor disapprove *McGruder,* but find it to be inapplicable here. There the accused was charged with robbery by force by taking $40 from the victim. Although there was direct evidence that the accused attacked the victim (force), there was no direct evidence that the accused took the victim's money (robbery). The court in *McGruder* had before it the

question: Where there is only circumstantial evidence as to an essential element of the crime, does direct evidence as to other elements of the crime obviate the necessity for a charge on circumstantial evidence? The court in *McGruder* answered the question as follows (at p. 264): "Since the only proof of an essential element [robbery] of the crime with which the defendant was charged [robbery by force] was by circumstantial evidence, the trial judge should have charged the law on circumstantial evidence, even without request, and his failure to do so was reversible error."

On the other hand, there are decisions holding that even where a charge on circumstantial evidence is required by the fact that the state's evidence is circumstantial, a reversal is not necessarily required. *Jones v. State,* 105 Ga. 649 (31 SE 574) (1898), was a burglary case in which the defendant was arrested on the day following the burglary after he pawned some of the stolen articles. In *Jones,* the court said (p. 651): "We are asked, however, to award a new trial in this case, because of the failure of the court to so charge. This we can not do. We desire it understood, however, that if it were a doubtful case,— indeed, if there were any evidence tending to rebut this almost conclusive presumption of guilt; if there were even a plausible explanation as to how the possession was acquired the failure to charge as indicated would demand at our hands a reversal of the judgment."

In *Jones,* the court was referring to Penal Code § 984 which is now Code § 38-109. It provides: "To warrant a conviction on circumstantial evidence, the proved facts shall not only be consistent with the hypothesis of guilt, but shall exclude every other other reasonable hypothesis save that of the guilt of the accused." It was this provision which was not given in charge in the case before us.

Code § 38-109 is a codification of early case law. However, the requirement that it be given in charge, even without request, appears to have been imposed first in *Hamilton v. State,* 96 Ga. 301 (22 SE 528) (1895). Compare *Barrow v. State,* 80 Ga. 191 (3) (5 SE 64) (1887). In *Hamilton,* supra, the court said (p. 302): "The failure to give some such instruction, in a close and doubtful case

like the present, will entitle the accused to a new trial."

Justice Lumpkin authored *Hamilton v. State,* supra, for the court. He also wrote *Toler v. State,* 107 Ga. 682 (33 SE 629) (1899), where he said: "This court, in *Hamilton v. State,* 96 Ga. 301, held that in cases of this character it was the duty of the judge, whether so requested or not, to state to the jury the law with regard to circumstantial evidence. In the opinion it was said that a failure to do this would, in a close or doubtful case, entitle the accused to a new trial. It by no means follows, however, that such failure will require a new trial where the guilt of the accused is clearly and convincingly proved, and where the charge of the court as to the amount and character of proof requisite to a lawful conviction is such as to leave no room for doubt that the verdict would have been the same even if the court had in terms stated to the jury the technical rule relating to circumstantial evidence."

Thus, Justice Lumpkin authored the requirement that Code § 38-109 be given in charge, yet he and his colleagues were opposed to granting a new trial based upon the failure to charge it, where the guilt of the accused was clearly and convincingly proved. See *Jones v. State,* supra.

The early decisions declining to grant a new trial, *Jones v. State* and *Toler v. State,* supra, emphasized that the jury was fully instructed as to the state's burden of proof.

The Court of Appeals in *Campbell v. State,* 129 Ga. App. 836 (201 SE2d 666) (1973), in an opinion by Judge (now Justice) Hall, followed *Jones* and *Toler* in declining to grant a new trial, saying (p. 838): "Our reading of the record and trial transcript shows that the verdict of guilty was amply authorized as to both appellants; this was not a close or doubtful case. Therefore, appellants having offered no explanation for their possession of the recently stolen property, the court did not commit reversible error in failing to charge the jury as to the law of circumstantial evidence, the charge on reasonable doubt having been full and fair."

Thus it appears that no new trial is required for failure to charge Code § 38-109 where the case is not close or doubtful and the charge on reasonable doubt is full and

fair.

At the risk of adding reasons to sound precedents, permit us to add that *Campbell,* supra, suggests yet another reason for not reversing this case for failure to charge the law set forth in Code § 38-109. That is, no other reasonable hypothesis save that of the guilt of the accused has been suggested. Should the case be retried so a jury can hear those words when no other reasonable hypothesis has been offered? Our answer is in the negative.

In fact, in the absence of another reasonable hypothesis, the defendant is basically arguing that the state did not carry its burden of proof as to the taking of the money. However, the jury was instructed as to the state's burden of proof and found against the defendant on that issue.

This was not a close or doubtful case; the jury was fully and fairly charged on reasonable doubt; the defense offered no other reasonable hypothesis save that of guilt; it was not reversible error in this case to fail to charge, in the absence of request, the provisions of Code § 38-109.

3. The defendant contends that the court erred in not instructing the jury that the burden was upon the state to prove each essential element of each offense charged beyond a reasonable doubt, and in not enumerating for the jury the essential elements of each crime charged.

As heretofore noted, the court fully instructed the jury as to the state's burden of proof beyond a reasonable doubt and it defined each offense charged. We find no error here.

4. The defendant urges that it was error to instruct the jury as to the law of conspiracy because there was no evidence to authorize such a charge. We find that there was sufficient evidence to authorize the charge. *Battle v. State,* 231 Ga. 501 (202 SE2d 449) (1973).

Next, the defendant urges that the instruction given as to conspiracy was erroneous. We find that it was not. *Tarpkin v. State,* Case No. 30325, decided January 8, 1976, rehearing denied January 27, 1976.

5. The defendant contends that it was error for the court to charge on the forms of verdicts of guilty or not guilty as to the crimes of aggravated assault and motor vehicle theft, but to charge only on the form of a verdict of

guilty as to armed robbery. Defendant urges that this in effect directed a verdict of guilty as to armed robbery, or expressed the opinion of the court as to what had been proved.

We disagree for the reason that the jury was fully instructed as to presumption of innocence and reasonable doubt, was instructed as to the form of not guilty verdicts as to two of the three counts, and could not have been misled by this omission into finding the defendant guilty of the other count. *Yancy v. State,* 173 Ga. 685 (2) (160 SE 867) (1931); *Tarpkin v. State,* supra.

When the jury is charged as to presumption of innocence, burden of proof and reasonable doubt, and then is charged that the form of the verdict would be "We, the jury, find the defendant guilty on count one," the jury can readily perceive the form of a not guilty verdict, particularly when they are instructed as to the form of a not guilty verdict as to Counts 2 and 3. We find no reversible error here.

6. As the statement of the facts shows, the court did not err in overruling the defendant's motion for mistrial. That motion was made as to officer Hull's testimony long after that testimony had been elicited by the defendant.

7. Defendant's convictions of the offenses of aggravated assault and armed robbery are affirmed. The conviction of the offense of motor vehicle theft must be vacated for the reasons stated in Division 1 of this opinion.

*Judgment affirmed in part, reversed in part. All the Justices concur, except Gunter, J., who concurs in the judgment only.*

ARGUED SEPTEMBER 3, 1975 — DECIDED JANUARY 8, 1976.

*O. Torbitt Ivey, Jr., Charles L. Wilkinson, III,* for appellant.

*Richard E. Allen, District Attorney,* for appellee.