## 2757. HARVEY *v.* THE STATE.

RUSSELL, J. 1. Proof of a confession, when corroborated alone by evidence of the corpus delicti, will authorize a conviction in a criminal case; and the amount of corroboration necessary to support the conviction is in every case a question of fact for the jury. But even if incriminatory admissions, supplemented by other circumstances, be equivalent to a confession, evidence that the accused confessed the commission of an offense would not be sufficient to authorize a conviction, unless all of the facts essential to establish that the alleged offense was in fact committed are satisfactorily proved.

2. That the trial judge, mentally anticipating that the defendant's counsel intended to make a motion to direct a verdict for the defendant, and that it was for that reason that counsel had preferred a request that the jury be retired, thereupon stated in the presence of the jury, "I know what your motion is, and overrule it," affords no ground for new trial.

(*a*) The remark of the judge was not violative of the provisions of section 4334 of the Civil Code of 1895 for the reason alleged, that it intimated an opinion upon the evidence; for counsel had not stated what motion he intended to make.

(*b*) In no case can one who makes a motion for the court to direct a verdict complain that the court overruled the motion. It is never error to refuse to direct a verdict.

3. In a criminal case where the guilt of the defendant is dependent wholly on circumstantial evidence the jury should be instructed that if the proved facts are consistent with innocence, the defendant is entitled to an acquittal. *Riley* v. *State*, 1 *Ga. App.* 651 (57 S. E. 1031). In a case in which all of the evidence is circumstantial, a request is not necessary to invoke this instruction. *Weaver* v. *State*, 135 *Ga.* 317 (69 S. E. 488).

4. To authorize the conviction of one charged with aiding a prisoner to escape, in violation of section 313 of the Penal Code of 1895, the evidence must establish the fact that the prisoner was in the act of escaping, and that the person charged with aiding the escape knowingly assisted the prisoner to escape. *Judgment reversed.*

DECIDED JANUARY 31, 1911.

Indictment for aiding escape; from Worth superior court— Judge Park. June 4, 1910.

*Perry & Foy,* for plaintiff in error.

*W. E. Wooten, solicitor-general,* contra.