## 5285. Allen *v.* The State.

Pottle, J. 1. Where in a criminal case the evidence relied upon for the conviction of the accused is wholly circumstantial, it is error, requiring the granting of a new trial, to omit to charge the jury upon the law of circumstantial evidence, even without a request so to do. *Riley* v. *State,* 1 *Ga. App.* 651 (57 S. E. 1031); *Harvey* v. *State,* 8 *Ga. App.* 660 (70 S. E. 141); *Weaver* v. *State,* 135 *Ga.* 317 (69 S. E. 488).

2. The rule announced above is applicable on the trial of one charged with the sale of intoxicating liquors, where the proof of the sale is dependent wholly on circumstantial evidence, though there be direct evidence of some of the essential facts necessary to make out a case, such as that the accused had whisky in his possession and was seen to deliver it to the person to whom the sale was alleged to have been made. Where, as in the present case, there was no issue as to the possession of the whisky by the accused and its delivery to the person to whom the sale was alleged to have been made, and the only question was whether the transaction involved the elements of a sale, and this question was dependent wholly on circumstantial evidence, it was error to fail to charge the law relating to such evidence.          *Judgment reversed.*

DECIDED DECEMBER 9, 1913.

Accusation of sale of liquor; from city court of Carrollton—Judge Beall. October 3, 1913.

*Smith & Smith,* for plaintiff in error.

*C. E. Roop, solicitor,* contra.