## 37056. SANDERS v. THE STATE.

TOWNSEND, Judge. 1. On conviction under an accusation charging the defendant in two counts with driving while under the influence of intoxicants and failing to yield the right of way, it is contended in a special ground of the motion for a new trial that since the conviction for drunk driving depends wholly upon circumstantial evidence, failure to charge this principle of law was error. There is testimony to the effect that the defendant was driving at the time of the collision, and an admission in his statement to the jury that he had drunk two beers at dinner an undetermined time before the wreck, but such direct evidence, of course, by itself does not in any way tend to prove the crime charged, which is that of driving *while intoxicated.* Testimony that there were three cold cans of beer in the automobile, one of them opened and either empty or partly empty, plus testimony of three witnesses who arrived at the scene 25 minutes later to the effect that he was at that time, in their opinion, intoxicated, is all circumstantial evidence from which an inference of guilt would be authorized, although in conflict with the direct evidence of two other witnesses who interviewed the defendant immediately upon the occurrence of the collision and formed the opinion that he was not intoxicated. Since the conviction would necessarily be dependent entirely on circumstantial evidence under these facts, the trial court erred, as to count 1, in failing to charge on this subject. See *Jones* v. *State,* 91 *Ga. App.* 662 (86 S. E. 2d 724); *Allen* v. *State,* 14 *Ga. App.* 115 (2) (80 S. E. 215).

2. Evidence as to injuries sustained by occupants of the colliding automobiles may throw some light upon the violence of the collision and thus tend to illustrate the manner in which the defendant was driving. It was accordingly not error to admit evidence concerning injuries received by a passenger in the automobile with which the defendant collided.

3. Error is assigned on the refusal of the court to allow the defendant to argue to the jury that the State Trooper who swore to the accusation in this case did not convey the defendant before a magistrate as required when an arrest is made without a warrant, on the ground that such dereliction of duty was relevant as showing the prosecutor's general attitude toward the defendant. Code § 27-212 provides that in every case of an arrest without warrant, the person arrested shall without

delay convey the offender before the most convenient officer authorized to receive an affidavit and issue a warrant, and that no imprisonment shall be legal beyond "a reasonable time allowed for this purpose." The evidence shows that the defendant was taken to the jail and that the prosecutor procured a warrant the same day, but whether the defendant was detained at the jail or whether more than a reasonable time elapsed before the warrant was obtained is not shown. In so far as the argument of counsel was based upon the evidence in the case it should have been allowed by the court, but since it had no materiality merely as showing a personal attitude of a witness toward the defendant and the evidence which was introduced failed to show that there was a false imprisonment, no reversible error appears. Under some circumstances such evidence might be material as reflecting on the credibility of the witness.

4. As to count 2 of the indictment, it is undisputed that the defendant's automobile was partly on the wrong side of the road at the time it collided with the oncoming vehicle. The general grounds of the motion for a new trial, as to count 2, are without merit. Since the conviction on this count was not dependent on circumstantial evidence, no reversible error appears as to it.

The trial court erred in denying the motion for a new trial as to count one but not as to count two.

*Judgment affirmed in part and reversed in part. Gardner, P. J., and Carlisle, J., concur.*

DECIDED FEBRUARY 12, 1958.

*Jake B. Joel, Gary L. Pleger,* for plaintiff in error.
*Preston M. Almand, Solicitor, James Barrow,* contra.