## 41179.   HARVEY v. THE STATE.

NICHOLS, Presiding Judge. ■   " 'There is a very wide distinction between admitting the main fact and admitting some minor or subordinate fact or series of facts which could be true whether the main fact existed or not.' [*Fletcher v. State,* 90 Ga. 468]. A confession is a voluntary admission of *guilt;* an admission as applied to criminal cases, is the avowal of a fact or of circumstances from which guilt *may* be inferred, but only *tending* to prove the offense charged and not amounting to a confession of guilt." *Riley v. State,* 1 Ga. App. 651 (3) (57 SE 1031). "An incriminating statement is indirect or circumstantial evidence." *Pressley v. State,* 201 Ga. 267, 270 (39 SE2d 478).

■ "Where in a criminal case the evidence relied upon for the conviction of the accused is wholly circumstantial, it is error, requiring the granting of a new trial, to omit to charge the jury upon the law of circumstantial evidence, even without a request so to do. *Riley v. State,* 1 Ga. App. 651 (57 SE 1031); *Harvey v. State,* 8 Ga. App. 660 (70 SE 141); *Weaver v. State,* 135 Ga. 317 (69 SE 488)." *Allen v. State,* 14 Ga. App. 115 (1) (80 SE 215).

■ "The rule, applicable where the evidence relied on to convict of a crime is wholly circumstantial, that, to warrant a conviction, the proved facts must not only be consistent with the hypothesis of the guilt of the accused, but must exclude every reasonable hypothesis save that of his guilt [*Code* § 38-109], should not have been omitted from the instructions of the court to the jury, where, to convict  .  .  .   the State relied

wholly on circumstantial evidence and on an admission. . ."
*Hart v. State,* 14 Ga. App. 714 (3) (82 SE 164).

■ In a prosecution for larceny or burglary the recent, unexplained possession of the property alleged to have been stolen by the defendant is considered sufficient proof, if the jury sees fit to accept it, to satisfy the requirements of the circumstantial evidence rule as contained in *Code* § 38-109. *Cheatham v. State,* 57 Ga. App. 858, 859 (197 SE 70); *Myerholtz v. State,* 109 Ga. App. 352 (136 SE2d 165); *Jones v. State,* 105 Ga. 649 (31 SE 574).

■ The written statement made by the defendant in the present case was an incriminating statement which connected him with the event but was not a confession of guilt, and was therefore circumstantial evidence, as was the evidence dealing with the possession of the stolen goods.

■ All the evidence in the case connecting the defendant with the alleged crime being circumstantial it was error for the trial court to fail to charge, even without request, the rule of circumstantial evidence set forth in *Code* § 38-109, and the trial court erred in overruling the defendant's motion for new trial on such ground.

■ In as much as the case must be again tried and the evidence on such trial may be different the usual general grounds of the motion for new trial are not passed upon.

*Judgment reversed. Eberhardt and Pannell, JJ., concur.*

DECIDED MARCH 9, 1965.

*Robert K. Ballew,* for plaintiff in error.
*C. B. Holcomb, Solicitor General,* contra.