## 51869. HETHCOX v. THE STATE.

PANNELL, Presiding Judge.

The defendant was indicted and convicted for violation of the Georgia Controlled Substances Act. He appeals the judgment of conviction.

1. The evidence presented upon the trial of the case was entirely circumstantial. Where all the evidence connecting the defendant with the alleged crime is circumstantial, it is error for the trial court to fail to charge, even without request, the rule of circumstantial evidence set forth in Code § 38-109. *Harvey v. State,* 111 Ga. App. 279 (141 SE2d 604). Although the trial court charged on circumstantial evidence, the appellant contends that the charge was erroneous and constituted reversible error. The charge was as follows: "When circumstantial evidence is relied upon to establish the theory relied upon to preponderate to that theory rather than to any other reasonable hypothesis." We agree with appellant that this charge did not present to the jury a proper and coherent standard by which to weigh and consider the circumstantial evidence, against the defendant.

This court in *Wells v. State,* 126 Ga. App. 130 (190 SE2d 106), held a charge on circumstantial evidence to be harmful error because it tended to mislead the jury into convicting the defendant on the basis of a mere preponderance of the evidence. The charge in the present

case contained similar language regarding preponderance of the evidence. Further, the charge in the present case was incoherent and confusing; it gave the jury no clear standard by which to weigh the circumstantial evidence upon which defendant's conviction was based. We hold that the giving of the above charge on circumstantial evidence was reversible error requiring the grant of a new trial.

2. We do not believe that the conviction should be reversed on the general grounds. The jury could have found that the evidence excluded every reasonable hypothesis save that of the guilt of the accused. See *Jackson v. State,* 129 Ga. App. 901 (3) (201 SE2d 816).

3. Appellant urges error in the court's admitting the marijuana into evidence. He argues that it was procured by an illegal search and seizure. The marijuana was admitted into evidence without objection. By allowing the marijuana to be admitted into evidence without objection, the defendant waived any objection which might have been urged including those contained in the motion to suppress. *Childers v. State,* 130 Ga. App. 555, 556 (203 SE2d 874); *Carter v. State,* 137 Ga. App. 823.

4. It is unnecessary to decide the remaining enumerations of error since they are not likely to occur upon retrial of the case.

*Judgment reversed. Evans and Marshall, JJ., concur.*

Argued March 1, 1976 — Decided March 19, 1976.

*Russell, McWhorter & Adamson, Robert W. Adamson,* for appellant.

*Nat Hancock, District Attorney,* for appellee.