## 54870. TRUMAN v. THE STATE.

BELL, Chief Judge.

Defendant was convicted of robbery by sudden snatching.

The victim, while on a street in Augusta, was passed by two men, who turned and asked her for the time. The taller one wearing a long dark coat grabbed her pocketbook. Both individuals fled and the victim notified the police. A police officer shortly thereafter saw two subjects, one tall and one short, running toward Paine College from the direction of the crime scene. He stopped his car, identified himself as a police officer and the two resumed running. He called for assistance and the taller, the defendant, was finally apprehended. A police officer transported defendant back to the complainant. This officer testified, over a hearsay objection, that the victim stated in the defendant's presence that "It looks just like him only he had a long coat on." The long coat had been previously taken off by the defendant after he had been placed in the rear of the police car. Following advice as to his rights, the arresting officer obtained a statement from the defendant that he had been at the scene of the crime but that a person called Blackie had taken the purse after which both ran. He also stated that he was walking across Paine College when he saw Blackie throw the pocketbook on to the top of a building and hide the wallet inside a concrete block. The articles were recovered at the described locations. Defendant while testifying in his own behalf, identified the coat as his and admitted wearing it that night. The rest of his testimony was to the same effect as his out-of-court statement. *Held:*

1. Defendant urges that the trial court erred in overruling his objection to the testimony of the police officer as to what the victim told him shortly after he arrested the defendant. However, the statements were admissible for two reasons. (1) It was admissible under Code § 38-302 to explain conduct, for after this confrontation the police officer interrogated the defendant further and obtained an incriminating statement, and (2) as the statement was made in defendant's presence, it was not hearsay and was

admissible. *Hall v. State,* 141 Ga. App. 289 (233 SE2d 262).

2. The trial court did not err in admitting the defendant's out-of-court statement. At the Jackson-Denno hearing there was evidence that authorized the trial court to conclude that it was given freely and voluntarily after a Miranda-type warning. These findings are binding on appellate courts unless shown to be clearly erroneous. *Person v. State,* 235 Ga. 814 (221 SE2d 587). That showing has not been made here.

3. The trial court did not charge on circumstantial evidence. It is well settled that it is reversible error to not charge on this subject where the state relies solely on circumstantial evidence. *Johnson v. State,* 235 Ga. 486 (220 SE2d 448). But where there is some direct evidence, it is not error to fail to charge on circumstantial evidence. *DePalma v. State,* 228 Ga. 272 (185 SE2d 53). The defendant's incriminating admission that he was at the scene of the crime and that he was wearing a long coat is some direct evidence against him. Therefore the failure to charge on circumstantial evidence was not erroneous.

4. We have examined the claim that it was error for the court to fail to recharge the jury on identification and the burden of proof and find that it has no merit and requires no further elaboration.

5. The evidence authorized the conviction. Thus it was not error to deny defendant's motion for directed verdict of acquittal.

*Judgment affirmed. McMurray and Smith, JJ., concur.*

Submitted November 1, 1977 — Decided January 4, 1978.

*Harrison, Jolles, Miller & Bush, Howard S. Bush,* for appellant.

*Richard E. Allen, District Attorney, John L. Mixon, III, Assistant District Attorney,* for appellee.