73180. MORGAN v. THE STATE.
(351 SE2d 497)

SOGNIER, Judge.

Morgan appeals from his conviction of driving under the influence of alcohol. In his sole enumeration of error appellant contends the trial court erred by allowing hearsay evidence of statements made by Cindy Aiola, a passenger in appellant's car at the time of his arrest.

Police officers were dispatched to an address in Smyrna, Georgia, between 1:00 and 2:00 a.m., November 7, 1984, to investigate a report of a suspicious car in the area. As they approached the address given to them they observed a car driven by appellant attempting to enter a driveway. Appellant drove the car into a ditch beside the driveway and fell out of the car into the ditch as he attempted to exit the vehi-

cle. The officers took appellant to their patrol car, read him the implied consent warnings and arrested him for driving under the influence of alcohol. One of the officers was allowed, over objection, to testify that Aiola told him she and appellant had been in an accident, and had just come from McArthur's Park on South Cobb Drive where they had been drinking. Appellant contends it was error to allow hearsay testimony as to Aiola's statements because it was not part of the res gestae. If these statements were made in the presence of the appellant, they would not be hearsay, but original evidence. *Truman v. State*, 144 Ga. App. 461-462 (1) (241 SE2d 579) (1978). However, we cannot ascertain this from the transcript.

Pretermitting the question as to whether Aiola's statements to the police were part of the res gestae, we find that any error in allowing such statements into evidence was harmless, since other evidence of appellant's guilt of the offense charged was overwhelming. The officers observed appellant drive into a ditch while attempting to enter a driveway; appellant fell into the ditch while exiting the car; he had a strong odor of alcohol on him; he could not stand alone, but would slide to the ground if not held up by an officer; his eyes were bloodshot; his speech was so slurred he could hardly be understood when he spoke; and he was so intoxicated that the officers could not administer any field sobriety tests such as having appellant walk a straight line, having him recite the alphabet, etc. The officers also testified that appellant was definitely a less safe driver because of his condition. Such evidence is more than sufficient to show that appellant was driving under the influence of alcohol. *Cargile v. State*, 244 Ga. 871, 873-874 (262 SE2d 87) (1979).

Applying the standard for harmless error set forth in *Johnson v. State*, 238 Ga. 59, 61 (230 SE2d 869) (1976), it can be fairly said that it was highly probable that any erroneous admission of testimony did not contribute to the judgment in this case.

*Judgment affirmed. Banke, C. J., and Birdsong, P. J., concur.*

DECIDED NOVEMBER 24, 1986 —
REHEARING DENIED DECEMBER 5, 1986 —

*Larry W. Yarbrough*, for appellant.
*Patrick H. Head, Solicitor, Philip M. Goldstein, Melodie H. Clayton, Assistant Solicitors*, for appellee.