76787. BARTON v. THE STATE.
(372 SE2d 647)

SOGNIER, Judge.

Seab Barton appeals from his conviction of possession of cocaine with intent to distribute.

In response to an informant's tip, law enforcement officers went to a lounge in Walthoursville, and observed appellant and two women standing outside the lounge near a car. Appellant admitted the car belonged to his father-in-law, and that he had been driving it. Wayne Higginbotham, a City of Hinesville detective, testified at trial that he and Deputy Virgil Clark of Liberty County had gone to the lounge, and that he had asked appellant for some identification, at which time appellant opened his hand and dropped "two chunky white rocks" to the ground. Higginbotham further testified he picked up those two "rocks" and gave them to Clark. Clark testified that he searched the vehicle with appellant's permission, and that above the visor on the driver's side he found a Kool cigarette pack containing seventeen separately wrapped "rocks," and that under the front passenger seat he found two empty film canisters containing small amounts of white powder. Clark testified that he put the two "rocks" given to him by Higginbotham into one of the two empty film canisters found in the vehicle, and turned them over to Patrick Long, of the state crime laboratory, along with the cigarette pack containing the seventeen chunks. Appellant stipulated at trial that both the seventeen chunks in the cigarette pack and the two chunks in the film canister tested positive for cocaine. Both Clark and Higginbotham testified that after dropping the "rocks" appellant had attempted to flee.

Appellant testified that he smoked Kool cigarettes; that he had not dropped the two chunks; and that his car had been parked outside the lounge for three hours and had been unlocked. Appellant stated that while he was sitting in the car outside the lounge, two men he did not know had approached and offered to fix the cassette player in the car, and consequently had been inside the car that evening.

In his sole enumeration of error, appellant contends the trial court erred by failing to give his requested charge on equal access. Although the trial court did not give the charge appellant requested, the charge given the jury did cover the doctrine of equal access. "The failure to give requested instructions in the exact language requested, where the charge given substantially covers the same principles, is not grounds for reversal. [Cits.]" *Kelly v. State*, 241 Ga. 190, 191-192 (4) (243 SE2d 857) (1978).

Further, assuming, without deciding, that the trial court's failure to give appellant's requested charge was error, it would not be reversible error here. Even discounting the cocaine found in the car, the trial transcript contains ample other evidence sufficient to support the conviction. Because the jury would have been authorized to convict appellant without reference to the contraband found in the car, applying the standard set forth in *Johnson v. State*, 238 Ga. 59, 61 (230 SE2d 869) (1976), we find that it is highly probable that any error in the charge did not contribute to the judgment in this case, and thus any such error was harmless. *Morgan v. State*, 181 Ga. App. 150, 151 (351 SE2d 497) (1986).

*Judgment affirmed. Deen, P. J., and Carley, J., concur.*

DECIDED SEPTEMBER 6, 1988.

*Jack E. Carney, Jr.*, for appellant.
*Dupont K. Cheney, District Attorney, David C. Walker, Assistant District Attorney*, for appellee.