## 45861. PATTERSON v. THE STATE.
### (372 SE2d 809)

HUNT, Justice.

Patrick N. Patterson was convicted of the murder of his mother in Gwinnett County, given a life sentence and appeals.* He raises the

---

[1] The transfer order of the Court of Appeals did not specify the reason for transfer.

* The murder occurred on March 31, 1987, and the defendant was arrested the next day.

failure of the trial court to give his requested charge on circumstantial evidence, the failure of the state to videotape his statement, the failure of the trial court to grant a mistrial when a police officer testified to a statement that had not been ruled voluntary by the trial court, and the sufficiency of the evidence. We affirm.

The defendant and his wife were separated and, although he blamed their separation on his mother, he lived with his mother in her house. On March 31, 1987, the defendant and his wife discussed killing his mother. Later that night, he reported that there had been a break-in at his mother's house and that she was dead. When first questioned, the defendant denied that he had killed his mother but, after being told that his wife had spoken to the police, he confessed that he had strangled his mother so that he and his wife could live in the house. He also admitted that he had broken the security chain on the door to make it look like someone had forced entry into her home. The police videotaped the crime scene, but not his statement.

1. The defendant contends that the trial court erred in failing to give his requested charge that:

> When the facts and evidence and all reasonable deductions therefrom present two theories, one of guilt and the other consistent with innocence, the defendant should be acquitted unless the hypothesis of guilt is more reasonable than any other hypothesis which can be drawn from the circumstances.

"The instruction requested by appellant is correct only when the evidence relied on by the state is wholly circumstantial." *Carpenter v. State*, 167 Ga. App. 634, 642 (307 SE2d 19) (1983). We have held that a similar charge is not required when direct evidence of guilt has been presented. *Johnson v. State*, 235 Ga. 486, 492 (220 SE2d 448) (1975).[2] *Mercer v. State*, 169 Ga. App. 723, 726 (314 SE2d 729) (1984), relied upon by the defendant, is distinguishable for the reason that the fingerprint evidence there, for which the defendant gave a plausible ex-

---

He was indicted on May 19, and tried before the Honorable Homer M. Stark in Gwinnett County, where judgment was entered on August 26, 1987. The trial transcript was certified on December 11, 1987. Defendant's motion for new trial was made on September 14, 1987, amended on January 18, 1988, and denied on February 9. His notice of appeal was filed on March 7, the case docketed here on June 3, and submitted for decision on July 15, 1988.

[2] The charge requested in *Johnson* was another multiple theory charge based on OCGA § 24-4-6. It is as follows: "To warrant a conviction on circumstantial evidence alone, the proven facts must not only be consistent with the theory of guilt, but must exclude every other reasonable theory other than the guilt of the accused." This charge, which seems more consistent with Patterson's contention than the one he requested, is also set out in *Suggested Pattern Jury Instructions*, Vol. 2, p. 14. It, like the charge requested, is not *required* where some direct evidence is present. *Griffith v. State*, 172 Ga. App. 255 (322 SE2d 921) (1984).

planation, was only circumstantial evidence of guilt. *Barnett v. State*, 153 Ga. App. 430 (1) (265 SE2d 348) (1980). Here, the defendant's statement is direct evidence of guilt. *Northcutt v. State*, 228 Ga. 653, 653-54 (187 SE2d 260) (1972); *Stewart v. State*, 163 Ga. App. 735, 737 (295 SE2d 112) (1982).

The defendant argues, nevertheless, that he was entitled to the charge because the voluntariness of his statement was contested at trial and could have been rejected by the jury, making the case against him entirely circumstantial. In other words, he argues, the test should be not whether direct evidence was offered, but whether it was relied on by the jury. We know of no authority, and he cites none, for this meritless proposition.[3]

2. We reject the defendant's argument that the state's failure to videotape his statement so that the jury could evaluate his condition while making the statement constitutes a lack of due process.

3. Defendant also raises the refusal of the trial court to grant a mistrial when a policeman testified to a comment allegedly made by the defendant as he commenced his statement to the police, but not included in the written report of his statement which had been held to be voluntary at the earlier *Jackson v. Denno* hearing. When asked to read the written statement of the defendant to the jury at trial, the policeman-witness recalled to the jury that when he told the defendant that his wife had spoken to the police about the incident, the defendant had replied that "it would be his word against hers."

The defendant does not contend that the statement was made involuntarily. The declaration was thus not rendered inadmissible merely because it was not part of the exact statement presented at the *Jackson v. Denno* hearing. Its inadmissibility was based on the fact that the trial court had ruled that no comment should be made about the wife's role in the arrest because she had invoked her husband-wife privilege. However, nothing said by the wife was revealed, and the trial court admonished the jury to ignore the comment. The court's refusal to grant a mistrial under these circumstances was not error.

4. Having reviewed the evidence in a light most favorable to the jury's verdict, we conclude that a rational trier of fact could have found the defendant guilty of murder beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. All the Justices concur.*

---

[3] We are concerned, however, about the tendency on the part of some trial courts to entirely eliminate instructions on circumstantial evidence. The better practice, in our view, would be to charge the general principles as contained in the pattern charge book. *Ramsey v. State*, 212 Ga. 381 (92 SE2d 866) (1956).

DECIDED OCTOBER 20, 1988.

Johnny R. Miller, for appellant.

Thomas C. Lawler III, District Attorney, Michael J. Bowers, Attorney General, Andrew S. Ree, for appellee.