## 46687. GILBERT v. THE STATE.
### (378 SE2d 683)

CLARKE, Presiding Justice.

Christopher Gilbert was convicted of malice murder and sentenced to life imprisonment. He appeals, and we affirm.[1]

Jim Frazier, an engineer employed by Georgia Tech, was found dead on December 1, 1986 under the porch of his cabin in Lumpkin County. He had been killed by a shotgun blast to the head. The investigating officers found blood and tissue sprayed about on the porch above where the body was found and concluded that the body had been moved. There was no evidence of a struggle. Autopsy reports showed that Frazier had been shot at close range. Christopher Gilbert lived close to the Frazier cabin. After the body was discovered, he was questioned several times by the police and gave contradictory stories. He first claimed that he shot Frazier in a struggle for the gun. Later he said that he and Frazier were walking and the gun just "went off." A shotgun found in his apartment was identified as the murder weapon.

Witnesses testified that Frazier had a brain tumor that made it difficult for him to walk and to see, so that it would have been nearly impossible for him to have engaged in a struggle with Gilbert. An expert witness also testified that the murder weapon had to be manually cocked and fired; it could not just "go off."

In this appeal Gilbert asserts that the evidence did not support a verdict of murder, that the state's evidence did not exclude all reasonable hypotheses except guilt, and that the court erred in failing to charge the jury pursuant to OCGA § 24-4-6 that the state must bear that burden.

After reviewing the record, we conclude that the evidence of appellant's guilt of malice murder was sufficient so that ". . . any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). Further, there was ample direct evidence of guilt so that the court was not required to give the requested charge. *Patterson v. State*, 258 Ga. 592 (372 SE2d 809) (1988). Moreover, even though the evidence relied upon was not wholly circumstantial, the state presented evidence that adequately excluded all reasonable hypotheses except guilt.

---

[1] The crime occurred between November 28, 1986 and December 1, 1986. Appellant was indicted on February 25, 1987. He was convicted of murder on December 3, 1987 and sentenced to life imprisonment the same day. Appellant filed a motion for new trial on December 31, 1987; the motion was heard on December 19, 1988 and was formally denied on January 26, 1989. The notice of appeal was filed January 24, 1989. The case was docketed in this court February 15, 1989. The case is ripe for decision following oral argument on April 11, 1989.

212

*Judgment affirmed. All the Justices concur.*

DECIDED MAY 4, 1989.

*William W. Woody,* for appellant.
*C. Andrew Fuller, District Attorney, C. David Turk III, Daniel A. Summer, Assistant District Attorneys, Michael J. Bowers, Attorney General, Leonora Grant,* for appellee.