A89A1457. RYALS v. THE STATE.
(387 SE2d 33)

SOGNIER, Judge.

Earl Douglas Ryals was convicted of the offense of cruelty to a child, and he filed this appeal.

At trial, the mother of the two and one-half year old victim, her son, Quinton, testified that they spent the night of January 8, 1988, with appellant, with whom she had a romantic relationship. Appellant took her to work the next morning shortly after 7:00 a.m., and she left her son, who was healthy at the time, in appellant's care. Appellant testified that he dressed and fed Quinton, but when Quinton vomited twice appellant "react[ed] emotionally" and struck the child three times with his hand, causing the child to hit his head against the bathroom door. Appellant stated that he harbored no malice toward Quinton and had not intended to hurt him. In the statement appellant gave the deputy sheriff shortly after his arrest, which was read into evidence, appellant admitted hitting Quinton, and stated he telephoned an ambulance when he realized Quinton was having difficulty breathing. The emergency medical technicians who responded to appellant's call testified that when they arrived at appellant's residence, they found Quinton lying on the couch and appellant wiping his forehead with a washcloth, and that the child was unresponsive. Dr. Jeff Gunderson, the emergency room treating physician, testified that when he examined Quinton the child had visible head trauma with bruises and contusions over much of his body, and upon examination was found to have suffered a cerebral contusion. Dr. Gunderson stated that in his opinion the injuries were the result of "obvious child abuse" consisting of multiple forcible blows.

1. Appellant first contends the trial court erred by instructing the jury that he was being tried for a felony offense, thereby impermissibly commenting as to the possible sentence before the jury had deliberated.

The transcript reveals that at the beginning of the instructions to the jury the trial judge stated that appellant was "charged with the offense of cruelty to children, a felony." Although "[i]t is improper for the court to give any instruction to the jury concerning possible

sentences in a felony case before the jury has determined the question of guilt or innocence [cits.]," *Ford v. State*, 232 Ga. 511, 519 (14) (207 SE2d 494) (1974), we find no reversible error here because the judge's statement did not infer or intimate that appellant was guilty or indicate to the jury the sentence he would receive if convicted. See generally *Harris v. State*, 234 Ga. 871, 873 (218 SE2d 583) (1975). Further, the court sent the indictment to the jury room as is the practice in this State, *Salem v. State*, 228 Ga. 186, 188 (5) (184 SE2d 650) (1971), and the charged crime was characterized as a felony on the face of the indictment.

2. Appellant also contends the evidence against him was solely circumstantial, and thus the trial court erred by failing to charge the jury regarding the proof required to convict on circumstantial evidence as provided in OCGA § 24-4-6 even though no written request to so charge was made.

"Where the case against the defendant is close or doubtful and is composed solely of circumstantial evidence, it is reversible error for a trial court to fail to charge [OCGA § 24-4-6]. [Cit.]" *Jones v. State*, 243 Ga. 584, 585 (1) (255 SE2d 702) (1979). Here, however, the medical evidence and appellant's statements to the deputy sheriff and his trial testimony were direct, not circumstantial evidence. Id. While we agree with appellant that incriminating admissions are circumstantial evidence, whereas confessions are direct evidence, see *Harvey v. State*, 111 Ga. App. 279 (1) (141 SE2d 604) (1965), we do not agree that appellant's statement to authorities must be characterized as an incriminating admission. Although he testified at trial he did not intend to hurt the victim, the statement he gave the deputy sheriff contained no " 'facts or circumstances which show[ed] excuse or justification,' " *Robinson v. State*, 232 Ga. 123, 126 (205 SE2d 210) (1974), and thus constituted direct evidence as a confession. See id.; compare *Harvey*, supra at 280 (5). Moreover, as the case against appellant was neither close nor doubtful, we find no error, and accordingly decline appellant's invitation to review this enumeration pursuant to OCGA § 5-5-24 (c).

*Judgment affirmed. Banke, P. J., and Pope, J., concur.*

DECIDED SEPTEMBER 28, 1989.

*Lane & Tucker, Alan D. Tucker, Robert L. Crowe*, for appellant.
*Dupont K. Cheney, District Attorney, J. Stephen Archer, Assistant District Attorney*, for appellee.