S95G0636. YARN v. THE STATE.
(462 SE2d 359)

CARLEY, Justice.

Appellant was tried before a jury and found guilty of the sale of cocaine and of the possession of cocaine with intent to distribute. On appeal to the Court of Appeals, he enumerated as error the trial court's failure to give an unrequested charge on the law of circumstantial evidence as set forth in OCGA § 24-4-6. In a whole-court decision, the Court of Appeals found no merit in this enumeration and affirmed the convictions. *Yarn v. State*, 215 Ga. App. 883 (452 SE2d 537) (1994). We granted appellant's petition for certiorari to review that decision.

1. By its terms, OCGA § 24-4-6 relates to when a conviction may be had "on circumstantial evidence. . . ." Nevertheless, *Robinson v. State*, 261 Ga. 698 (410 SE2d 116) (1991) and *Mims v. State*, 264 Ga. 271 (443 SE2d 845) (1994) established the bright-line rule that it is error to fail to give a *request* to charge on the law of circumstantial evidence as set forth in OCGA § 24-4-6 when the State's case includes *both* direct and circumstantial evidence. *Robinson* and *Mims* were motivated by a desire to avoid the difficult determination of whether the State's case is composed wholly of circumstantial evidence. Although that difficult determination can arise in any case, it does not necessarily follow that the failure to give the charge is error where no request has been made. A defendant is relieved from the necessity of requesting instructions *only* " 'where the omission is clearly harmful and erroneous as a matter of law in that it fails to provide the jury with the proper guidelines for determining guilt or innocence.' [Cit.]" *Kitchen v. State*, 263 Ga. 629, 630 (1) (436 SE2d 645) (1993). It is a rare case that does not include both direct and circumstantial evidence and the omission of a charge on circumstantial evidence as set forth in OCGA § 24-4-6 is not harmful or erroneous as a matter of law where there is some direct evidence and the jury is properly charged on reasonable doubt. Accordingly, when the State's case includes both direct and circumstantial evidence, a defendant is not relieved from the necessity of requesting the charge and, in the absence of such a request, it is not error to fail to give it.

However, *Robinson* and *Mims* did not address the long-standing rule that it is error for the trial court to fail to give an appropriate charge on circumstantial evidence, even without request, if the State's case is composed *solely* of such evidence. *Hamilton v. State*, 96 Ga.

301 (22 SE 528) (1895). See generally *Germany v. State*, 235 Ga. 836, 842-843 (2) (221 SE2d 817) (1976). In such a case, the omission of the charge fails to provide the jury with the proper guidelines for determining guilt or innocence and, unless the wholly circumstantial evidence is not doubtful and the charge on reasonable doubt is full and fair, a reversal and retrial is required. *Germany v. State*, supra at 842-844 (2). See also *Williams v. State*, 239 Ga. 12, 13 (2) (235 SE2d 504) (1977). The courts of other states have held that this rule is not inconsistent with the rule articulated in *Robinson* and *Mims*. *Grimmett v. State*, 572 P2d 272, 274 (Okla. Cr. App. 1977); *State v. Thompson*, 519 SW2d 789, 792 (Tenn. 1975). We note that essentially the same analysis of this issue is set forth in Division 3 of the plurality opinion of the Court of Appeals. *Yarn v. State*, supra at 886 (3). Accordingly, when the State's case is composed solely of circumstantial evidence, a defendant is relieved from the necessity of requesting a charge on OCGA § 24-4-6 and, even in the absence of such a request, it may be reversible error to fail to give it. Compare *Williams*, supra, and *Hamilton*, supra, with *Germany*, supra, and *Toler v. State*, 107 Ga. 682 (33 SE 629) (1899).

2. Having set forth the applicable rule, we proceed to apply it in this case.

An officer observed appellant drive into a motel parking lot and wait as his passenger, Mark Jackson, entered a motel room and sold cocaine to another officer. When appellant was informed that he was being arrested for his part in the sale of crack cocaine and for possession with intent to distribute crack cocaine and was advised of his rights, he stated that he understood the charges. He then indicated that he knew what the ride was for and why he was going to the motel and that, in return, Jackson was going to give him money for gas and cigarettes.

The testimony that appellant drove Jackson to the motel where the drug sale took place is direct evidence. *Roura v. State*, 214 Ga. App. 43, 50-51 (2) (447 SE2d 52) (1994); *Truman v. State*, 144 Ga. App. 461, 462 (3) (241 SE2d 579) (1978). Moreover, appellant's post-arrest statement shows that he understood the true purpose of Jackson's trip before giving him a ride. Appellant did not offer his statement as exculpatory evidence and did not set forth any facts or circumstances which showed excuse or justification. Thus, appellant's statement is not a mere incriminating admission, but is a confession. *Robinson v. State*, 232 Ga. 123, 126 (2) (205 SE2d 210) (1974); *Ryals v. State*, 193 Ga. App. 68, 69 (2) (387 SE2d 33) (1989). As such, the statement constituted direct evidence.

Therefore, the State's case is composed of both direct and circumstantial evidence and the failure to give the unrequested charge on the law of circumstantial evidence as set forth in OCGA § 24-4-6 is

not error. *Ryals v. State,* supra at 69 (2). See also *Patterson v. State,* 258 Ga. 592, 593 (1) (372 SE2d 809) (1988); *Whittington v. State,* 252 Ga. 168, 176 (7) (313 SE2d 73) (1984).

*Judgments affirmed. All the Justices concur, except Fletcher, P. J., who dissents.*

FLETCHER, Presiding Justice, dissenting.

In *Robinson v. State,*[1] we held that a trial court must give a charge on the law of circumstantial evidence when the state's case depends in whole or part on circumstantial evidence and the defendant requests the charge. I would adopt the same rule in this case where the defendant failed to request the charge.

1. We adopted the bright-line rule in *Robinson* because of the difficulty in determining whether the jury relied solely on direct evidence or based part of its verdict on circumstantial evidence.[2] For the same reason, I would make the charge mandatory in every case, whether the defendant requests it or not. Requiring the charge, even when there is no request, promotes judicial economy. It eliminates the need for the trial court to determine whether the state's case consists solely of circumstantial evidence, thus necessitating a charge on that issue. It eliminates the need for the appellate courts to decide the confusing issue of what is direct and what is circumstantial evidence.[3] And it avoids the claim that a defendant's attorney was ineffective for failing to request a circumstantial evidence charge.

The majority opinion perpetuates these problems for no good reason. It applies two different rules when the defendant fails to request a circumstantial evidence charge, one when the state relies on both direct and circumstantial evidence and a second when the state's case is solely circumstantial. As a result, trial courts must now give the charge in every situation except when the state presents both direct and circumstantial evidence and the defendant fails to request a circumstantial evidence charge. I would eliminate that exception.

2. Moreover, I would change the circumstantial evidence charge so that it no longer relies on the language in OCGA § 24-4-6. As former Chief Justice Hunt noted, the pattern charge is misleading because it suggests that direct evidence requires a lesser standard of proof than circumstantial evidence. He proposed the following substitute: "You would be authorized to convict only if the evidence proves the guilt of the accused beyond a reasonable doubt and the evidence excludes all reasonable theories of innocence. It is the state's burden

---

[1] 261 Ga. 698, 699 (410 SE2d 116) (1991).

[2] See id.; *Mims v. State,* 264 Ga. 271, 272 (443 SE2d 845) (1994).

[3] See *Mims,* 264 Ga. at 273, n. 5 (Hunt, Chief Justice, concurring).

to produce such evidence."[4] His proposed charge correctly states the rule that to convict a defendant the state must prove the defendant's guilt beyond a reasonable doubt, whether the evidence is direct, circumstantial, or both.

DECIDED SEPTEMBER 11, 1995 —
RECONSIDERATION DENIED OCTOBER 27, 1995.

*Lenzer & Lenzer, Robert W. Lenzer, Thomas P. Lenzer, George L. Kimel,* for appellant.
*Daniel J. Porter, District Attorney, George F. Hutchinson III, Assistant District Attorney,* for appellee.

---

[4] See id. at 274 (Hunt, Chief Justice, concurring).