## A96A1512. MANKER v. THE STATE.
### (476 SE2d 785)

RUFFIN, Judge.

A jury found Ralph Manker guilty of one count each of selling cocaine, possession of cocaine with intent to distribute, and obstruction of a law enforcement officer. The trial court denied Manker's motion for new trial and sentenced him as a recidivist to 30 years for selling cocaine, 25 to be served in prison, and merged his conviction for possession. The trial court also sentenced Manker to 12 months for the obstruction conviction, to be served concurrently with the sen-

tence for selling cocaine. Manker appeals, challenging the sentence and the sufficiency of the evidence on his conviction for selling cocaine, the admission of certain evidence, the jury charge, and the effectiveness of trial counsel. For reasons which follow, we affirm the convictions, but reverse Manker's sentence and remand for resentencing.

1. The evidence was sufficient to convict Manker of selling cocaine.

Viewed in a light most favorable to the jury's verdict, the evidence shows that at 10:30 p.m. on December 11, 1994, members of the Chatham County Counter Narcotics Team were involved in an undercover drug investigation. Team member Agent Thompson was driving a panel van with several "take-down" agents concealed in the rear of the van. Agent Thompson drove the van to an area where Manker was standing and parked it directly below a street light. Manker crossed the street, approached the driver's side of the van and asked Agent Thompson what he was looking for. Agent Thompson testified he had a full opportunity to view Manker, and that he immediately recognized Manker because he had seen him several times before. Agent Thompson told Manker he wanted to get a "fifty pack," which he testified was $50 worth of crack cocaine. When Manker left the van for a couple of seconds to obtain the cocaine, Agent Thompson gave the take-down agents Manker's description. Manker returned to the van, gave Agent Thompson a substance later identified as cocaine, and Agent Thompson gave Manker the money. The take-down agents then exited the van and pursued Manker. As Manker fled, Agent Thompson saw him drop the money in the street. Although the take-down agents were unable to apprehend Manker that night, Agent Thompson learned from people in the area where Manker lived.

Agent Thompson testified that the following morning he talked to a police investigator, identified Manker's face in a photograph, and obtained a warrant for his arrest. Agent Thompson arrested Manker later that morning in front of his residence.

At trial, Agent Thompson positively identified Manker as the person who sold him the crack cocaine. In addition, one of the take-down agents who pursued Manker testified that from his observations that evening, Manker appeared to be the same person he was chasing.

Manker contends that the evidence at trial was insufficient to identify him as the person who sold cocaine to Agent Thompson. We disagree. On appeal from a criminal conviction, Manker no longer enjoys the presumption of innocence, and we do not weigh the evidence or determine witness credibility. *Platt v. State*, 211 Ga. App. 721, 722 (440 SE2d 495) (1994). Those were issues for the jury to

determine, and we conclude that the evidence produced at trial was sufficient to authorize a rational trier of fact to find Manker guilty of selling cocaine beyond a reasonable doubt. Id.; *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Manker asserts that the trial court erred in denying his motions for mistrial because his character was impermissibly placed in issue on two occasions. We disagree.

On one occasion, Agent Thompson testified that he talked to a police investigator before identifying Manker's face in a photograph. The mere fact that the testimony showed that the photograph came from police department files did not place Manker's character in issue. See *Hood v. State*, 216 Ga. App. 106, 108 (3) (453 SE2d 128) (1995). Furthermore, Agent Thompson's testimony was contained in a long narrative given in response to a question by the prosecutor concerning what occurred after he paid Manker for the cocaine. " 'When a witness gives a non-responsive answer to a question impacting negatively on the defendant's character, this does not place the defendant's character in issue under OCGA § 24-9-20 (b).' . . . [Cit.]" *Nelson v. State*, 204 Ga. App. 409, 410 (2) (419 SE2d 502) (1992). In light of the nature of the statement and the other evidence presented, the trial court did not err in denying Manker's motion for mistrial based on this testimony. See id.

During other testimony, one of the take-down agents stated that after they failed to apprehend Manker, Agent Thompson told him "that he knew the guy some past experience from maybe to the jail or something like that, I don't know [sic]." The jury was removed from the courtroom, and Manker moved for a mistrial. After arguments, Manker refused the trial court's proposal to instruct the jury concerning the testimony. Because Manker refused to allow the court to repair the alleged prejudice caused by the testimony, he waived the grounds to assert mistrial error on appeal. *Scott v. State*, 207 Ga. App. 196, 202 (1) (b) (427 SE2d 537) (1993).

3. Manker asserts that the trial court erred in charging the jury concerning parties to a crime because the evidence did not support such charge.

" 'Where there is any evidence, however slight, upon a particular point, it is not error to charge the law in relation to that issue.' . . . [Cit.]" *Payne v. State*, 219 Ga. App. 318 (1) (a) (464 SE2d 884) (1995). The charge in this case was supported by Agent Thompson's testimony concerning the reason Manker left the van to obtain the cocaine. Agent Thompson stated that sometimes drug dealers allow other individuals to hold the cocaine to avoid police detection. Accordingly, there was sufficient evidence to support the charge.

4. Manker, who is represented by new counsel on appeal, asserts he received ineffective assistance of trial counsel. However, in viola-

tion of Court of Appeals Rule 27 (c) (3) (i), Manker fails to cite any portion of the record in support of his contention. Accordingly, we need not consider this issue. See *Capers v. State*, 220 Ga. App. 869, 872 (1) (f) (470 SE2d 887) (1996).

5. Finally, Manker asserts the trial court erred by allowing evidence of a prior guilty plea during sentencing when there was no evidence that the plea was voluntary. We agree.

The record shows that the State presented evidence of a prior guilty plea for possession of cocaine and another guilty plea for possession of a firearm by a convicted felon. Although the evidence supported Manker's contention that there was no evidence showing his plea for possession of a firearm by a convicted felon was intelligent and voluntary, the trial court admitted evidence of both felonies.

"[O]nce the defendant raises the issue of intelligent and voluntary waiver with respect to prior guilty pleas, the burden is on the state to establish a valid waiver." *Pope v. State*, 256 Ga. 195, 209 (17) (345 SE2d 831) (1986). "Absent a showing that [Manker's] previous guilty plea[ for possession of a firearm by a convicted felon was] knowingly and voluntarily entered, the trial court erred by admitting [it] in evidence over [Manker's] objections." Id. at 210.

We disagree with the State that the error was harmless. Although the State is correct that the trial court could have sentenced Manker as a recidivist under OCGA § 17-10-7 with evidence of only a single felony, under that statute the trial judge is vested with discretion concerning whether to "probate or suspend the maximum sentence prescribed for the offense." OCGA § 17-10-7 (a).

The sentencing transcript in this case clearly shows that the trial judge relied on evidence of the plea at issue in determining that "putting [Manker] on probation is not going to serve any purpose. . . ." Because the court relied on inadmissible evidence in sentencing Manker, we cannot conclude that the error was harmless.

Accordingly, although we affirm Manker's convictions, we remand the case for resentencing. See *Pope*, supra.

*Judgment of conviction affirmed; sentence reversed and remanded. McMurray, P. J., and Johnson, J., concur.*

DECIDED SEPTEMBER 26, 1996.

*Caesar J. Burch*, for appellant.
*Spencer Lawton, Jr., District Attorney, Ronald M. Adams, Assistant District Attorney*, for appellee.