## A98A2030. SMITH v. THE STATE.
(511 SE2d 223)

SMITH, Judge.

Tracy Darnell Smith was indicted by a Newton County grand jury on one count of armed robbery, one count of aggravated assault, and two counts of possession of a firearm during the commission of a felony. A jury found Smith guilty on all charges, his motion for new trial as amended was denied, and he appeals. Finding no error, we affirm.

1. Smith enumerates the general grounds. Construed to support the jury's verdict, the evidence shows that the victim was shot as he entered his truck after closing his convenience store. The robber took cash and lottery tickets from the truck. The lottery tickets were traced to Smith and three other individuals, all of whom were charged with the armed robbery. The other three individuals testified at Smith's trial and gave their accounts of the events surrounding the robbery.

According to these witnesses, Smith and a companion stopped two acquaintances in a car and told the driver to take them "down by the store," where Smith and his companion left the car. The companion came running back alone to the car a short time later, exclaiming, "Tracy shot the man." Smith then returned, carrying two bags containing money and lottery tickets, and said, "He wouldn't give his money up, so I shot him." Smith's companion testified that he saw Smith run up to the victim saying, "Give it up," and saw Smith shoot the victim. He also testified that Smith had discussed the proposed robbery with him earlier in the week.

Smith contends the credibility of the witnesses against him was questionable, asserting they testified due to fear of prosecution or promises of leniency for their testimony. But after the jury's verdict of

guilty, Smith can no longer rely upon the presumption of innocence, and this Court cannot weigh evidence or judge the witnesses' credibility. We must construe the evidence to uphold the verdict and determine only whether the evidence was sufficient to enable any rational trier of fact to find Smith guilty of the crime charged beyond a reasonable doubt. *Clark v. State*, 197 Ga. App. 318, 320 (1) (398 SE2d 377) (1990), aff'd, 261 Ga. 311 (404 SE2d 787) (1991).

Smith's contention that the State's evidence was entirely circumstantial is also without merit. Smith's statement to the occupants of the getaway car was direct evidence. *Ryals v. State*, 193 Ga. App. 68, 69 (2) (387 SE2d 33) (1989).[1] The eyewitness testimony of his companion also "constituted direct evidence of appellant's guilt, not circumstantial evidence. Given this direct testimony of guilt, properly corroborated by other evidence, the rule requiring exclusion of every other reasonable hypothesis does not apply." (Citations and punctuation omitted.) *Clanton v. State*, 208 Ga. App. 669, 670 (1) (b) (431 SE2d 453) (1993). The evidence as a whole was sufficient to enable any rational trier of fact to find appellant guilty of armed robbery beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Smith contends the trial court abused its discretion by denying his motion under *Batson v. Kentucky*, 476 U. S. 79 (106 SC 1712, 90 LE2d 69) (1986), challenging the State's use of two strikes to exclude African-American members of the jury panel. "In reviewing the trial court's disposition of a *Batson* motion, we must bear in mind that the prosecutor's explanation need not justify a challenge for cause, but must be neutral, related to the case to be tried, and reasonably specific. The trial court's decision rests largely upon assessment of the prosecutor's state of mind and credibility; it therefore lies peculiarly within a trial judge's province. The trial court's factual findings must be given great deference and may be disregarded only if clearly erroneous." (Citations and punctuation omitted.) *Hightower v. State*, 220 Ga. App. 165, 166 (1) (469 SE2d 295) (1996).

The threshold issue of whether Smith established a prima facie case of discrimination is moot because the State offered purportedly race-neutral reasons for its strikes. See *Byers v. State*, 212 Ga. App. 110, 112 (2) (441 SE2d 290) (1994). Accordingly, we must determine whether the State's proffered reasons for striking the jurors in question were race-neutral. *Jackson v. State*, 265 Ga. 897, 898 (2) (463

---

[1] "Appellant did not offer his statement as exculpatory evidence and did not set forth any facts or circumstances which showed excuse or justification. Thus, appellant's statement is not a mere incriminating admission, but is a confession. [Cits.] As such, the statement constituted direct evidence." *Yarn v. State*, 265 Ga. 787, 788 (2) (462 SE2d 359) (1995). A confession need not be made to a law enforcement officer. *Mathis v. State*, 249 Ga. 454, 457 (7) (291 SE2d 489) (1982) (statement to cellmate).

SE2d 699) (1995). A race-neutral explanation need not be persuasive, plausible or even make sense, id. at 899, but must simply be "based on something other than the race of the juror. Unless a discriminatory intent is inherent in the proponent's explanation, the reason offered will be deemed race neutral." (Citations and punctuation omitted.) Id.

Under these guidelines, the State's explanations for both strikes were race-neutral. As to the first prospective juror, the prosecutor stated that he excused her because she previously served on a jury that returned a not guilty verdict and because her uncle had been prosecuted for a drug violation. The prosecutor stated that he excluded the second prospective juror because the State had previously prosecuted two persons with the same surname living at her home address, including her son, and because she was related to a man who had posted bond for Smith.

Previous participation in a verdict of not guilty in a criminal trial is a legitimate race-neutral reason to exercise a strike. *Richard v. State*, 223 Ga. App. 98, 99 (476 SE2d 849) (1996). A strike based on the prospective juror's relationship with a person who has been in trouble with the law is also race-neutral. *Byron v. State*, 229 Ga. App. 795, 798 (5) (495 SE2d 123) (1997). A familial relationship with the defendant is a racially neutral basis for exercise of a strike, *Marshall v. State*, 266 Ga. 304-305 (2) (466 SE2d 567) (1996), as is acquaintance with a member of the defendant's family. *Hightower*, supra at 166. An interest in a bonding company or relationship to the owner of a bonding company is race-neutral. *Jackson*, supra. It follows that a familial relationship with one willing to post bond on behalf of the defendant is also race-neutral. The trial court did not abuse its discretion in denying the motion because the State offered sufficient reasons for the exercise of its peremptory strikes.

3. Smith contends the trial court improperly commented on the evidence in violation of OCGA § 17-8-57. We disagree. The trial court has "a wide latitude of discretion" in controlling the examination of witnesses, and "[u]nless there is a manifest abuse of this discretion, an objection such as here will not work a reversal of the case. [Cit.]" *Miller v. State*, 166 Ga. App. 639, 641 (2) (305 SE2d 172) (1983).

Here, while on the witness stand, the driver of the car began to give evasive answers inconsistent with his earlier recorded statement to State investigators. The trial court inquired and was told that a tape recording of the interview existed but that the witness had not listened to it. At that time, the court excused the jury and instructed the prosecutor outside the jury's presence to play the tape for the witness "so he will know what he told the investigator and what he didn't tell the investigator . . . so we don't waste our time out here."

We first note that the specific comments complained of by Smith

were made outside the presence of the jury. "Inasmuch as the purpose of OCGA § 17-8-57 is to prevent the jury from being influenced and the jury was not present at the time of these remarks, the statute was not violated. [Cit.]" *Flantroy v. State*, 231 Ga. App. 744, 746 (3) (501 SE2d 10) (1998).

OCGA § 17-8-57 prohibits judges in criminal cases from expressing or intimating their opinion on what has or has not been proved or as to the guilt of the accused. But comments to the jury explaining why the testimony of a witness has been delayed do not constitute an expression of opinion as to what has been proved or innocence or guilt. *Hendricks v. State*, 157 Ga. App. 715 (1) (278 SE2d 453) (1981). Furthermore, the trial court instructed the jury immediately after sending the witness out to listen to the tape, as well as in its general charge, that nothing the court said was to be construed as a comment on the evidence or the guilt or innocence of Smith. The trial court also instructed the jury that the purpose in postponing the examination of the witness was to control the progress of the trial and "make the orderly presentation of the case go a little bit faster." These instructions were proper and demonstrate that no comment made in the jury's presence was "directed toward a material issue or relevant evidence in the case. [Cit.]" *Flantroy*, supra at 746 (3). This enumeration of error is without merit.

4. Smith contends the trial court improperly admitted hearsay during the State's presentation of similar transaction evidence regarding another robbery committed a few months before the crime at issue here. A police officer dispatched to the scene of that robbery testified to the statements of the two victims, who had been robbed at gunpoint as they were getting out of their car in a motel parking lot. While Smith asserts that the officer's testimony regarding these statements was inadmissible hearsay, this argument has been addressed and rejected on several occasions by this Court.

In *Evans v. State*, 201 Ga. App. 20, 26 (4) (410 SE2d 146) (1991), a detective testified that appellant's uncle told him he believed appellant had brought stolen property to his house. This Court held that the testimony was admissible to explain the detective's conduct in going to the house and investigating whether the goods were indeed stolen. "Under OCGA § 24-3-2, conversations had in the course of a legal investigation may be admitted as original evidence to explain the conduct of a law enforcement official provided the conduct involves a matter relevant to the issue on trial." (Citations and punctuation omitted.) Id. Here, the victims' report of the circumstances of the robbery, including a description of the two perpetrators and the direction of their flight, explained the officer's conduct of the investigation leading to a warrant for the arrest of Smith and another man. The other man appeared at trial and identified Smith as his partner

in the motel robbery.[2]

This Court has also held that a written statement from the victim witnessed by a police officer shortly after the commission of a charged crime is admissible as part of the res gestae, and that the officer may read the statement to the jury. "The evidence was relevant and the statement was made without premeditation. The trial court's decision to admit the evidence under this theory was not clearly erroneous and will not be disturbed on appeal." (Citation omitted.) *Stovall v. State*, 216 Ga. App. 138-139 (1) (453 SE2d 110) (1995) (officer permitted to read statement he saw written down by victim of robbery within 45 minutes of crime).

5. Smith contends the trial court erred in charging the jury on the principle of parties to a crime. But "[w]here there is any evidence, however slight, upon a particular point, it is not error to charge the law in relation to that issue." (Citations and punctuation omitted.) *Manker v. State*, 223 Ga. App. 3, 5 (3) (476 SE2d 785) (1996). In *Manker*, this Court held that a charge on parties to a crime was justified in a drug sale case by evidence that the defendant left his vehicle to obtain the drugs and the arresting officer's testimony that drug dealers sometimes allow others to hold their drugs to avoid police detection. Id. In this case, three witnesses testified that they were present immediately before or at the time Smith robbed the victim and were aware to varying degrees of Smith's intentions. Smith, in contrast, contended that he was merely a passenger in the car and that two of the witnesses actually committed the robbery and assault. This evidence amply supported a charge on parties to a crime.

*Judgment affirmed. Johnson, C. J., and Barnes, J., concur.*

DECIDED JANUARY 27, 1999.

*John R. Greco*, for appellant.

*Alan A. Cook, District Attorney, William K. Wynne, Jr., Assistant District Attorney*, for appellee.

---

[2] Even if the victims' statements had been improper hearsay, this testimony positively identifying Smith as the perpetrator in the similar transaction would render harmless any error in admitting them. See *Richards v. State*, 222 Ga. App. 853, 855-856 (3) (476 SE2d 598) (1996).